IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| "BARBARA;" "SARAH," by guardian, parent, and next friend "SUSAN;" and "MATTHEW," by guardian, parent, and next friend "MARK;" on behalf of themselves and all those similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity; U.S. DEPARTMENT OF HOMELAND SECURITY; SECRETARY OF HOMELAND SECURITY, in their official capacity; U.S. DEPARTMENT OF STATE; SECRETARY OF STATE, in their official capacity; U.S. DEPARTMENT OF AGRICULTURE; SECRETARY OF AGRICULTURE, in their official capacity; CENTERS FOR MEDICARE AND MEDICAID SERVICES; ADMINISTRATOR OF THE CENTERS FOR MEDICARE AND MEDICAID SERVICES, in their official capacity,<br><br>*Defendants*. | Case No.  1:25-cv- |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;
CLASS ACTION L.R. 23.1**

1. Birthright citizenship embodies America's most fundamental promise: that all children born on our soil begin life as full and equal members of our national community, regardless of their parents' origins, status, or circumstances. This principle has enabled generations of children to pursue their dreams and build a stronger America.

2. The framers of the Fourteenth Amendment specifically enshrined this principle in our Constitution's text to ensure that no one—not even the President—could deny children born

1

in America their rightful place as citizens. They did so with full knowledge and intent that this would protect the children of immigrants, including those facing discrimination and exclusion.

3. The Citizenship Clause of the Fourteenth Amendment provides that "[a]ll persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. amend. XIV, § 1.

4. In *United States v. Wong Kim Ark*, the Supreme Court confirmed that children born in the United States of noncitizen parents are citizens under the Fourteenth Amendment's Citizenship Clause. 169 U.S. 649 (1898). Following *Wong Kim Ark*, Congress codified birthright citizenship in a statute whose language mirrors the Fourteenth Amendment. *See* 8 U.S.C. § 1401(a).

5. In the over 125 years since the Supreme Court emphatically rejected the last effort to undercut birthright citizenship in *Wong Kim Ark*, this principle has remained undisturbed constitutional bedrock. Even through countless subsequent immigration debates, and periods of intense anti-immigrant sentiment, this core constitutional guarantee has protected generations of Americans and prevented the emergence of a hereditary underclass excluded from full participation in American life.

6. For families across America today, birthright citizenship represents the promise that their children can achieve their full potential as Americans. It means children born here can dream of becoming doctors, lawyers, teachers, entrepreneurs, or even president—dreams that would be foreclosed if their citizenship were stripped away based on their parents' status.

7. Now, flouting the Constitution's dictates, statutory commands, and longstanding Supreme Court precedent, Defendant President Donald Trump has issued Executive Order No. 14,160, 90 Fed. Reg. 8449 (Jan. 29, 2025), entitled "Protecting the Meaning and Value of

American Citizenship" ("the Order"), which attempts to upend one of the most fundamental American constitutional values by denying citizenship to children born on American soil to a mother who is "unlawfully present" or temporarily present, and a father who is not a U.S. citizen or lawful permanent resident.

8. For Plaintiffs—children who will be denied citizenship under the order, and their parents—and for families across the country, this Order seeks to strip away the "priceless treasure" of citizenship, *Fedorenko v. United States*, 449 U.S. 490, 507 (1981), threatening them with a lifetime of exclusion from society and fear of deportation from the only country they have ever known. But that is illegal. The Constitution and Congress—not President Trump—dictate who is entitled to full membership in American society.

9. The Order straightforwardly violates the Citizenship Clause, as well as the birthright citizenship statute, and should be enjoined.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. Venue is proper in the District of New Hampshire because Plaintiff Barbara resides in the District. 28 U.S.C. § 1391(e)(1).

## PARTIES

12. Plaintiff "Barbara"[1] is a citizen of Honduras. She currently resides in New Hampshire with her husband and three minor children. Barbara has an asylum application pending with USCIS and has resided in the United States since 2024. Her husband, the father of her child, is not a U.S.-citizen or lawful permanent resident. She and her husband are expecting their fourth

---

[1] Plaintiffs wish to proceed under pseudonym, and a motion is forthcoming.

child in October 2025. Barbara fears that under the Order, her child will be denied U.S. citizenship at birth. She fears her child will be unjustly denied the security, rights, and opportunities that come with U.S. citizenship, leaving their future in doubt.

13. Plaintiff "Susan" is a citizen of Taiwan. She currently resides in Utah. She has lived in the U.S. for 12 years. She is currently in immigration status on a student visa and is in the process of applying for lawful permanent resident status based on an approved employment-based immigrant visa. Her husband, the father of her children, is not a U.S.-citizen or lawful permanent resident. Susan gave birth to her fourth child, "Sarah," in Utah in April 2025. She has three other children, all of whom are U.S. citizens. After more than ten years of living in the U.S., she and her family have established strong ties to the community. She fears for the future of her child. She worries that her child will be subject to immigration enforcement. She is also fearful that her family may be separated, or that her U.S.-citizen children will be forced to move to a country to which they have never been and where they do not speak the language.

14. Plaintiff "Mark" is a citizen of Brazil. Mark currently resides in Florida. He has lived in the United States for the past five years. He is currently in the process of applying for lawful permanent status based on family ties. His wife gave birth to their first child, "Matthew," in Florida in March 2025. His wife does not have lawful status in the United States. After five years of living in the U.S., Mark has established strong ties to the U.S. He fears for the future of his child. He worries that his child will be subject to immigration enforcement.

15. Defendant Donald J. Trump is the President of the United States. He is sued in his official capacity. In that capacity, he issued and will oversee the implementation of the Order challenged in this lawsuit.

16. Defendant U.S. Department of Homeland Security ("DHS") is a cabinet-level department of the United States federal government. Its components include U.S. Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP"). ICE's responsibilities include enforcing federal immigration law within the interior of the United States, including by carrying out deportations. CBP's responsibilities include inspecting and admitting people at international points of entry, including airports and land borders, and engaging in immigration enforcement near the border.

17. Defendant Secretary of Homeland Security has responsibility for overseeing enforcement and implementation of the Order by all DHS staff. They are sued in their official capacity.

18. Defendant U.S. Department of State ("DOS") is a cabinet-level department of the United States federal government. DOS is responsible for the issuance of passports to United States citizens.

19. Defendant Secretary of State has responsibility for overseeing enforcement and implementation of the Order by all DOS staff. They are sued in their official capacity.

20. Defendant U.S. Department of Agriculture ("USDA") is a cabinet-level department of the United States. USDA administers the Supplemental Nutrition Assistance Program ("SNAP").

21. Defendant Secretary of Agriculture has responsibility for overseeing enforcement and implementation of the Order by all USDA staff. They are sued in their official capacity.

22. Defendant Centers for Medicare and Medicaid Services ("CMS") is an agency of the United States. CMS provides health coverage to people in the United States through Medicaid.

23. Defendant Administrator of the Centers for Medicare and Medicaid Services has responsibility for overseeing enforcement and implementation of the Order by all CMS staff. They are sued in their official capacity.

## STATEMENT OF FACTS

### A. Legal Background

24. "Jus soli" is "the ancient and fundamental" principle of "citizenship by birth within the territory" of the United States. *Wong Kim Ark*, 169 U.S. at 693. This principle has its roots in English common law, *see Calvin v. Smith*, 77 Eng. Rep. 377 (K.B. 1608), and applied in the colonial era and early years of the American republic, *see Wong Kim Ark*, 169 U.S. at 658; *Inglis v. Trustees of Sailor's Snug Harbor*, 28 U.S. 99, 164 (1830).

25. However, in the infamous case of *Dred Scott v. Sandford*, the Supreme Court held that, despite their birth in the United States, the descendants of enslaved people were "not included, and were not intended to be included, under the word 'citizens' in the Constitution." 60 U.S. 393, 404-05 (1857).

26. After the Civil War, Congress repudiated *Dred Scott* and constitutionalized the birthright citizenship rule in the Fourteenth Amendment's Citizenship Clause, which provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. amend. XIV, § 1. *See Wong Kim Ark*, 169 U.S. at 692-93. In so doing, the Framers strove to transform American citizenship from a race-based, two-tiered system, to one that was equally open to all regardless of their parents' heritage.

27. The Citizenship Clause was enacted with full knowledge among both proponents and opponents that it would guarantee the citizenship of children of noncitizens.

6

28. Accordingly, when the question of the citizenship of the child of two Chinese nationals—who at that time were barred under the Chinese Exclusion Acts from becoming U.S. citizens themselves—came before the Supreme Court in *Wong Kim Ark*, it rightly concluded that because the plaintiff had been born in the United States, he was a citizen, regardless of his parents' circumstances. 169 U.S. at 693. In *Wong Kim Ark*, the Supreme Court conclusively determined that all children born in the United States are citizens, subject only to very limited exceptions.

29. The only exception relevant today is the children of foreign diplomats, who, under *Wong Kim Ark*, are not "subject to the jurisdiction" of the United States. *Id*. at 658.

30. Another exception *Wong Kim Ark* noted were children born to foreign armies living in U.S. territory that those armies had conquered. *Id*. at 682-83. There is no such U.S. territory today.

31. Finally, *Wong Kim Ark* noted an exception for children born to Native Americans living within tribal territory. *Id*. at 681. Because tribes were sovereign entities, children born to Native Americans in their territory were deemed similar to "the children of subjects of any foreign government born within the domain of that government." *Id*. (quoting *Elk v. Wilkins*, 112 U.S. 94, 102 (1884)). Congress later declared all Native Americans born in the United States to be U.S. citizens. Indian Citizenship Act, Pub. L. No. 68-175, 43 Stat. 253 (1924).

32. Beyond these exceptions, the Fourteenth Amendment's guarantee of birthright citizenship applies to "the children born within the territory of the United States of all other persons." *Wong Kim Ark*, 169 U.S. at 693.

33. In 1940, Congress enacted a statute that mirrors the Citizenship Clause. The birthright citizenship statute provides that "a person born in the United States, and subject to the jurisdiction thereof" is a citizen of the United States. 8 U.S.C. § 1401(a); *see also id.* §§ 1402,

1406(b), 1407(b). This language "[wa]s taken . . . from the fourteenth amendment to the Constitution." *To Revise and Codify the Nationality Laws of United States into a Comprehensive Nationality Code: Hearings Before the H. Comm. on Immig. and Naturalization on H.R. 6127 Superseded by H.R. 9980*, 76th Cong. 38 (1940). In 1952, the birthright citizenship statute was reenacted as part of a broader set of reforms to the naturalization laws.

34. In passing and reenacting this statute, Congress codified the long-settled interpretation of the Fourteenth Amendment, whereby all children born in the United States were citizens, subject only to the narrow exceptions identified in *Wong Kim Ark*.

**B. The Executive Order**

35. On January 20, 2025, President Trump issued the Order.

36. The Order purports to declare that a child born in the United States is not a citizen if, at the time of birth, their mother is either "unlawfully present in the United States" or their "mother's presence in the United states was lawful but temporary," and their father was not a U.S. citizen or lawful permanent resident.

37. The Order directs the Secretary of State, the Attorney General, the Secretary of Homeland Security, and the Commissioner of Social Security to implement its terms. It also directs all other agency heads to issue guidance regarding implementation of the Order. Such agencies include USDA and CMS.

38. The Order specifies that it will apply to persons born after 30 days from its issuance.

39. Neither the Constitution nor any federal statute confers any authority on the President to redefine American citizenship.

40. By attempting to limit the right to birthright citizenship, the Order exceeds the President's authority and runs afoul of the Constitution and federal statute.

**C. Class Representative Plaintiffs**

41. The Class Representative Plaintiffs—Barbara, Sarah, Susan, Matthew, and Mark—bring this action under Federal Rules of Civil Procedure 23(a) and 23(b)(2) on behalf of themselves and a nationwide class of all other persons similarly situated.

42. In this action, Class Representative Plaintiffs seek to represent the following Proposed Class: All current and future persons who are born on or after February 20, 2025, where (1) that person's mother was unlawfully present in the United States and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) that person's mother's presence in the United States was lawful but temporary, and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth, as well as the parents (including expectant parents) of those persons.

43. The proposed class satisfies the prerequisites of Rule 23(a).

44. The proposed class satisfies the numerosity requirements of Fed. R. Civ. P. 23(a)(1) because the proposed class is so numerous that joinder of all members is impracticable. The Order denies birthright citizenship to all U.S.-born children whose mother is either unlawfully present or temporarily present, and whose father is not a U.S. citizen or lawful permanent resident. Under the Order's criteria, more than two hundred thousand newborns will be unlawfully denied citizenship each year. *See Repealing Birthright Citizenship Would Significantly Increase the Size of the U.S. Unauthorized Population*, Migration Policy Instit. (May 2025), https://www.migrationpolicy.org/news/birthright-citizenship-repeal-projections.

45. Joinder is also impracticable because of the sheer number of proposed class members, because they are geographically dispersed across the country, and because membership in the class will be constantly changing as more children are born every day under the conditions

9

set forth in the Order.

46. The class meets the commonality requirements of Fed. R. Civ. P. 23(a)(2). The members of the proposed class are subject to a common practice: the categorical denial of U.S. citizenship at birth under the Executive Order. This suit also raises questions of law common to the proposed class, including whether the denial of citizenship violates the Citizenship Clause of the Fourteenth Amendment, whether it contravenes the statutory protections of birthright citizenship under 8 U.S.C. § 1401 et seq., and whether the Order's implementation is arbitrary and capricious in violation of the Administrative Procedure Act.

47. The proposed class meets the typicality requirements of Fed. R. Civ. P. 23(a)(3) because the claims of the Class Representative Plaintiffs are typical of the claims of the class. Each family faces the same principal injury (denial of birthright citizenship), based on the same government practice (the Executive Order's categorical denial of citizenship), which is unlawful as to the entire class because it violates constitutional and statutory protections.

48. The proposed class meets the adequacy requirements of Fed. R. Civ. P. 23(a)(4). The Class Representative Plaintiffs seek the same relief as the other members of the class—among other things, a declaratory judgment that Defendants' policy of denying birthright citizenship is unlawful and an injunction against that policy. In defending their rights, Class Representative Plaintiffs will defend the rights of all proposed class members fairly and adequately. The Class Representative Plaintiffs are members of the class, and their interests do not conflict with those of the other class members.

49. The proposed class is represented by experienced attorneys from the American Civil Liberties Union Foundation Immigrants' Rights Project, the ACLU of New Hampshire, the ACLU of Massachusetts, the ACLU of Maine, the Asian Law Caucus, the NAACP Legal Defense

and Educational Fund, and the Democracy Defenders Fund. Proposed Class Counsel have extensive experience litigating class action lawsuits and other complex systemic cases in federal court on behalf of noncitizens and individuals challenging government actions. The interests of the members of the class will be fairly and adequately protected by the Class Representative Plaintiffs and their attorneys.

50. The proposed class also satisfies Fed. R. Civ. P. 23(b)(2). Defendants have acted (or will act) in the same unconstitutional manner with respect to all class members by enforcing the Executive Order in violation of the Constitution and federal statutes. Injunctive and declaratory relief is therefore appropriate with respect to the class as a whole.

**D. Impact of the Order on Plaintiffs and Other Families.**

51. Denying citizenship to children being born every day throughout the country would have devastating impacts on Plaintiffs and on the United States as a whole.

52. Stripping children of the "priceless treasure" of citizenship, *Fedorenko*, 449 U.S. at 507, is a grave injury. It denies them the full membership in U.S. society to which they are entitled.

53. Allowing the Order to stand would "promot[e] the creation and perpetuation of a subclass" of children who were born in the United States but lack fundamental legal recognition and face stigma as a result of their novel and uncertain status. *Plyler v. Doe*, 457 U.S. 202, 230 (1982).

54. By attacking the principle that all children born in this country are citizens, the Order will invite persistent questioning of the citizenship of children of immigrants—particularly children of color.

55. The Order's denial of these children's citizenship will also have numerous other

consequences.

56. Among other things, as they become adults, these children will, if stripped of their citizenship, be denied the right to vote in federal elections, *see* U.S. Const. art. 1, § 2; serve on federal juries, *see* 28 U.S.C. § 1865(b); serve in many elected offices, *see* U.S. Const. art. 2, § 1, cl. 5; *id.* art. 1, §§ 2, cl. 2, 3, cl. 3; and work in various federal jobs, *see, e.g.*, 35 U.S.C. § 3; 47 U.S.C. § 154(b)(1); 49 U.S.C. §§ 106(b)(1)(B)(i), 114(b)(1)(B)(i), 44935(e)(2)(A)(ii).

57. Once deemed to be noncitizens, these children will be subject to immigration enforcement by DHS, CBP, and ICE. This may include arrest, detention, and deportation to countries they have never even visited.

58. Improperly threatening children with arrest, detention, and deportation, and forcing them to grow up in fear of immigration enforcement, imposes harms on those children and their parents.

59. That fear is multiplied for parents who face further concern that their baby's removal would be to a country where their lives or freedom would be in danger.

60. United States passports are issued to United States citizens. *See* 22 U.S.C. § 212; 22 C.F.R. § 51.2(a). United States passports may be used for international travel, and as identification for many other purposes.

61. Children will be ineligible for United States passports under the Order.

62. Without passports, these children may not be able to travel outside the country to visit family. This threatens to undermine family ties and prevent noncitizens from traveling abroad to, for example, visit ailing relatives or celebrate a wedding.

63. Likewise, many families rely on passports as one of the only available forms of government identification for their children, which can be vital for both practical purposes, and to

prove the child's identity and relationship to their parents in cases of contact with law enforcement or other government agencies.

64. The Order may also render children legally or effectively stateless. A U.S.-born child deemed to be a noncitizen may likewise not be recognized as a citizen under the laws of their parents' country or countries of origin. Even if legally possible, practical barriers may prevent these children from being recognized as citizens of any other country.

65. Stateless people often lack access to education, employment, health care, and other rights, and face travel restrictions, social exclusion, and heightened vulnerability to violence and other harms.

66. Denying these children citizenship may also render them ineligible for critical early-life nutritional resources and medical care. *See* 8 U.S.C. § 1611.

67. For example, U.S. citizen children are eligible for SNAP. SNAP provides access to critically important groceries for low-income households.

68. Because they would be deemed noncitizens under the Order, these children risk being deemed ineligible for access to nutrition under SNAP. *See* 7 U.S.C. § 2015(f); 7 C.F.R. § 273.4.

69. Ensuring access to nutritious food during early childhood is vital for children's physical and mental development, laying a foundation for future well-being.

70. Access to medical care plays a critical role in improving life outcomes for children and leads to improved cognitive and physical growth.

71. Without it, children are at greater risk of avoidable hospitalizations and long-term health disparities.

72. Moreover, the denial of medical coverage may require members to forego

necessities such as food and shelter in order to pay for medical expenses.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Fourteenth Amendment to the United States Constitution
### (All Defendants)

73. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

74. The Citizenship Clause of the Fourteenth Amendment provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. amend. XIV, § 1.

75. The Citizenship Clause enshrined in the Constitution the fundamental common law rule of birth by citizenship, whereby all people born in the United States are citizens. The term "subject to the jurisdiction" excludes only a few inapplicable categories—today, just the children of foreign diplomats. All other children born in the United States are citizens, no matter the immigration status of their parents.

76. The Executive Order violates the Fourteenth Amendment's Citizenship Clause because it denies citizenship to the children of noncitizens who are born in the United States and subject to the jurisdiction of the United States.

### SECOND CLAIM FOR RELIEF
### 8 U.S.C. § 1401 *et seq.*
### (All Defendants)

77. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

78. 8 U.S.C. § 1401(a) provides that "a person born in the United States, and subject to the jurisdiction thereof" is a citizen of the United States. *See also id.* §§ 1402, 1406(b), 1407(b).

79. This language mirrors the Fourteenth Amendment's Citizenship Clause. In this

statute, Congress codified the Fourteenth Amendment's existing interpretation, which established citizenship for children regardless of the immigration status of their parents.

80. The Executive Order violates 8 U.S.C. § 1401 *et seq.* because it denies citizenship to the children of noncitizens who are born in the United States and subject to the jurisdiction of the United States.

## THIRD CLAIM FOR RELIEF
### Administrative Procedure Act
**(All Defendants except Defendant Trump)**

81. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

82. The actions of Defendants that are required or permitted by the Executive Order, as set forth above, are contrary to constitutional right, power, privilege, or immunity, including rights protected by the Fourteenth Amendment to the U.S. Constitution, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(B).

## FOURTH CLAIM FOR RELIEF
### Administrative Procedure Act
**(All Defendants except Defendant Trump)**

83. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

84. The actions of Defendants that are required or permitted by the Executive Order, as set forth above, violate 8 U.S.C. § 1401 *et seq.* and are in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, in violation of the Administrative Procedure Act, 5 U.S.C.

§ 706(2)(C).

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request that the Court grant the following relief:

a. Certify this matter as a Class Action, appoint the Class Representative Plaintiffs as Class Representatives, and appoint the Class Representative Plaintiffs' Counsel as Class Counsel;

b. Declare that the Executive Order is unconstitutional and unlawful in its entirety;

c. Preliminarily and permanently enjoin Defendants from enforcing the Executive Order;

d. Require Defendants to pay reasonable attorneys' fees and costs;

e. Grant any other and further relief that this Court may deem just and proper.

Dated: June 27, 2025

Respectfully submitted,

/s/ *SangYeob Kim*

| | |
|---|---|
| Cody Wofsy* | SangYeob Kim (N.H. Bar No. 266657) |
| Hannah Steinberg* | Gilles R. Bissonnette (N.H. Bar. No. 265393) |
| Stephen Kang* | Henry R. Klementowicz (N.H. Bar No. 21177) |
| Spencer Amdur* | Chelsea Eddy (N.H. Bar No. 276248) |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT | AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE |
| 425 California Street, Suite 700 | 18 Low Avenue |
| San Francisco, CA 94104 | Concord, New Hampshire 03301 |
| T: (415) 343-0770 | T: 603.224.5591 |
| cwofsy@aclu.org | sangyeob@aclu-nh.org |
| hsteinberg@aclu.org | gilles@aclu-nh.org |
| skang@aclu.org | henry@aclu-nh.org |
| samdur@aclu.org | chelsea@aclu-nh.org |
| Morenike Fajana* | |
| Ashley Burrell* | Noor Zafar* |
| Elizabeth Caldwell* | Grace Choi* |
| NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC. | Lee Gelernt* |
| 40 Rector St., FL 5, | Omar Jadwat* |
| New York, NY 10006 | |
| (212) 217-1690 | |

mfajana@naacpldf.org
aburrell@naacpldf.org bcaldwell@naacpldf.org

Morgan Humphrey**
Mide Odunsi***
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 249-2193
mhumphrey@naacpldf.org
modunsi@naacpldf.org

Carol Garvan (N.H. Bar. No. 21304)
Zachary L. Heiden*
AMERICAN CIVIL LIBERTIES UNION OF
MAINE FOUNDATION
P.O. Box 7860
Portland, Maine 04112
T: (207) 619.8687
cgarvan@aclumaine.org
heiden@aclumaine.org

Adriana Lafaille*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza
Suite 850
Boston, MA 02108
T: (617) 482-3170
alafaille@aclum.org

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
nzafar@aclu.org
wjunaid@aclu.org
gchoi@aclu.org
lgelernt@aclu.org
ojadwat@aclu.org

Norm Eisen*
Tianna Mays*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, #15180
Washington, D.C. 20003
T: (202) 594-9958
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org

Christopher M. Lapinig*
Kimberly Wei Leung*
Winifred Kao*
ASIAN LAW CAUCUS
55 Columbus Ave
San Francisco, CA 94111
T: (415) 896-1701
christopherl@asianlawcaucus.org
kimberlyl@asianlawcaucus.org
winifredk@asianlawcaucus.org

*Counsel for Plaintiffs*
*\*Application for admission pro hac vice forthcoming*
*\*\*Application for admission pro hac vice forthcoming, admitted to practice law in New Jersey. Not a member of D.C. bar. Supervised by a member of the D.C. Bar.*
*\*\*\*Application for admission pro hac vice forthcoming, admitted to practice law in Illinois. Not a member of the D.C. bar. Supervised by a member of the D.C. Bar.*