# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| "BARBARA;" "SARAH," by guardian, parent, and next friend "SUSAN;" and "MATTHEW," by guardian, parent, and next friend "MARK;" on behalf of themselves and all those similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-244 |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
## AND APPOINTMENT OF CLASS COUNSEL;
## REQUEST FOR EXPEDITED TREATMENT, L.R. 7.1(f)

# INTRODUCTION

A class action lawsuit is appropriate to challenge Defendants' unlawful Executive Order No. 14,160 entitled "Protecting the Meaning and Value of American Citizenship" ("the Order") denying citizenship to babies who lack a parent with permanent immigration status. Plaintiffs seek to certify the following nationwide class under Federal Rules of Civil Procedure 23(a) and 23(b)(2):

> All current and future persons who are born on or after February 20, 2025, where (1) that person's mother was unlawfully present in the United States and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) that person's mother's presence in the United States was lawful but temporary, and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth, as well as the parents (including expectant parents) of those persons.

The proposed class satisfies the requirements of numerosity, commonality, typicality, and adequacy in Rule 23(a) and is readily ascertainable.

The proposed class already includes tens of thousands of babies—and counting—whose U.S. citizenship is targeted by the Order, as well as their parents, which is sufficient to satisfy numerosity. The class raises common legal questions that will generate common answers, including whether Defendants' challenged Executive Order violates the Citizenship Clause of the Fourteenth Amendment, 8 U.S.C. § 1401 *et seq.*, and the Administrative Procedure Act (APA). The class also raises common factual issues because proposed class representatives and class members are subject to the same Executive Order purporting to deny them or their children U.S. citizenship at birth. Proposed class representatives' constitutional and statutory claims are typical of those whom they seek to represent—that is, other children who are denied citizenship and their parents. Proposed class representatives are also adequately represented by a team of attorneys with significant experience in immigrants' rights issues and class action cases from the ACLU

1

Immigrants' Rights Project; the ACLUs of New Hampshire, Maine, and Massachusetts; the Asian Law Caucus; the NAACP Legal Defense and Educational Fund; and the Democracy Defenders Fund.

Plaintiffs' proposed class likewise satisfies Rule 23(b)(2) because Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Because the Defendants seek to enforce an executive order denying citizenship to the children Plaintiffs, they are operating in a manner that is common to all Plaintiffs.  The class as a whole is therefore entitled to an injunction enjoining Defendants from enforcing the Executive Order.

Accordingly, this Court should grant class certification, appoint proposed class representatives as Class Representatives, and appoint their counsel as Class Counsel.  Pursuant to L.R. 7.1(h), and to facilitate likely appellate proceedings within the 30-day window, Plaintiffs respectfully request that Defendants be directed to respond by July 2 and that the Court issue a ruling by July 7.  In the interest of time, Plaintiffs request that the Court forego oral argument, or schedule a remote argument for July 7.

## I.     PROPOSED CLASS DEFINITION

All current and future persons who are born on or after February 20, 2025, where (1) that person's mother was unlawfully present in the United States and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) that person's mother's presence in the United States was lawful but temporary, and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth, as well as the parents (including expectant parents) of those persons.

## II.      PROPOSED CLASS REPRESENTATIVES

1. **Barbara**

Plaintiff Barbara is a citizen of Honduras.  Declaration of Barbara ¶ 2, Ex. G.  She currently resides in New Hampshire with her husband and three minor children.  *Id.* ¶¶ 2, 4.  Barbara has an asylum application pending with USCIS and has resided in the United States since 2024.  *Id.* ¶¶ 3, 5.  Her husband, the father of her children, is not a U.S.-citizen or lawful permanent resident.  *Id.* ¶ 5.  She and her husband are expecting their fourth child in October 2025.  *Id.* ¶ 7.  Barbara fears that under the Order, her child will be denied U.S. citizenship at birth.  *See id.* ¶ 9.  She fears her child will be unjustly denied the security, rights, and opportunities that come with U.S. citizenship, leaving their future in doubt.  *See id.* ¶ 10.

2. **Susan**

Plaintiff "Susan" is a citizen of Taiwan.  Declaration of Susan ¶ 2, Ex. H.  She currently resides in Utah.  *Id.*  She has lived in the U.S. for 12 years.  *Id.* ¶¶ 3, 5.  She is currently in immigration status on a student visa and is in the process of applying for lawful permanent resident status based on an approved employment-based immigrant visa.  *Id.* ¶¶ 5, 6.  Her husband, the father of her children, is not a U.S.-citizen or lawful permanent resident.  *Id.* ¶ 9.  Susan gave birth to her fourth child, "Sarah," in Utah in April 2025.  *Id.* ¶ 7.  She has three other children, all of whom are U.S. citizens.  *Id.* ¶ 4.  After more than ten years of living in the U.S., she and her family have established strong ties to the community.  *See id.* ¶ 6.  She fears for the future of her child.  She worries that her child will be subject to immigration enforcement.  She is also fearful that her family may be separated, or that her three U.S.-citizen children will be

forced to move to a country to which they have never been and where they do not speak the language. *Id.* ¶ 10.

    **3.**    <u>**Mark**</u>

Plaintiff "Mark" is a citizen of Brazil. Declaration of Mark ¶ 2, Ex. I. Mark currently resides in Florida. *Id.* He has lived in the United States for the past five years. *Id.* ¶ 3. He is currently in the process of applying for lawful permanent status based on family ties. *Id.* ¶ 6. His wife gave birth to their first child, "Matthew," in Florida in March 2025. *Id.* ¶ 7. His wife does not have lawful status in the United States. *Id.* ¶ 9. After five years of living in the United States, Mark has established strong ties to this country. *See id.* ¶ 6. He fears for the future of his child. He worries that his child will be subject to immigration enforcement. *Id.* ¶ 10.

## ARGUMENT

"By its terms, [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). Class certification is thus appropriate where the proposed class satisfies the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and at least one of the categories of Rule 23(b). *See id.*

These criteria are met here where tens, if not hundreds of thousands of babies—and counting—will be denied U.S. citizenship at birth by one unlawful executive order created by Defendants, and those babies and their parents form the proposed class.

Civil rights actions such as this one are particularly amenable to class treatment. Rule 23(b)(2) was enacted to "facilitate the bringing of class actions in the civil-rights area." 7A Wright & Miller, *Federal Practice & Procedure* § 1775 (3d ed. 2018). The arguments in favor of class certification are especially strong in this context where many individual class members are unlikely to be able to pursue their claims individually due to their financial circumstances, language ability,

and access to counsel. *See, e.g.*, *Torrezani v. VIP Auto Detailing, Inc.*, 318 F.R.D. 548, 554 (D. Mass. 2017) (class certification is favored where "class members have limited financial resources and would find it difficult to pursue the claims themselves."). Class certification is thus particularly appropriate here, and all the requisite elements of Rule 23 have been met.

I.     **The Proposed Class Meets the Requirements of Rule 23(a).**

   A. **The proposed class easily satisfies the numerosity requirement.**

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(l). "Impracticability of joinder means only that it is difficult or inconvenient to join all class members, not that it is impossible to do so." *Bond v. Fleet Bank (RI), N.A.*, No. CIV.A. 01-177 L, 2002 WL 31500393, at *4 (D.R.I. Oct. 10, 2002). The First Circuit has recognized that numerosity has a "low threshold." *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009). "Generally, classes over forty in size have been held to be sufficiently numerous." *Ruiz v. NEI Gen. Contracting, Inc.*, 719 F. Supp. 3d 139, 149 (D. Mass. 2024).

Here, the estimated number of members already in the class (tens of thousands of babies) far exceeds this low threshold required for numerosity. *See Repealing Birthright Citizenship Would Significantly Increase the Size of the U.S. Unauthorized Population*, Migration Policy Inst. (May 2025), https://www.migrationpolicy.org/news/birthright-citizenship-repeal-projections; Emer. Mot. for Temp. Restraining Ord. at 4, *Washington v. Trump*, No. 2:25-cv-00127-JCC, ECF No. 10 ("[T]he Citizenship Stripping Order seeks to immediately deny these rights and benefits to more than 150,000 children born each year in the United States[.]"). Furthermore, where, as here, only declaratory and injunctive relief is sought for a class, plaintiffs are not required to identify the exact class members and number, and there is a relaxation of the requirement of a rigorous demonstration of numerosity. *See McCuin v. Sec'y of Health & Hum. Servs.*, 817 F.2d 161, 167

5

(1st Cir. 1987).

Moreover, more children affected by the Executive Order will be born each day. In other words, "an influx of future members will continue to populate the class at indeterminate points in the future." *Gomes v. Acting Sec'y, U.S. Dep't of Homeland Sec.*, 561 F. Supp. 3d 93, 99 (D.N.H. 2021) (internal citation omitted). This fact makes joinder "not merely impracticable but effectively impossible." *Id.* (internal quotations omitted).

### B. The proposed class representatives present issues of fact and law in common with the class.

Rule 23(a)(2) requires that "questions of law or fact" be "common to the class." Fed. R. Civ. P. 23(a)(2). "[A] single question of law or fact common to the members of the class will satisfy the commonality requirement." *Clough v. Revenue Frontier, LLC*, No. 17-CV-411-PB, 2019 WL 2527300, at *3 (D.N.H. June 19, 2019) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 369 (2011)). All that is required is that the "claims must depend upon a common contention" that "is capable of classwide resolution." *Dukes*, 564 U.S. at 350. Accordingly, courts in this Circuit have recognized that, like numerosity, the commonality requirement is a "low bar." *See, e.g.*, *Wright v. S. New Hampshire Univ.*, 565 F. Supp. 3d 193, 202 (D.N.H. 2021).

This case raises many legal questions common to the proposed class, any one of which alone satisfies the requirement of at least "a single common question" of law and fact shared by all members of the proposed class. All class members assert the same constitutional and statutory questions of whether the Executive Order violates the Fourteenth Amendment and 8 U.S.C. § 1401 *et seq.* because it denies citizenship to the children of noncitizens who are born in the United States and "subject to the jurisdiction" thereof. Additionally, all class members raise the same APA claims. A determination that Defendants' conduct is unconstitutional or otherwise unlawful "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564

U.S. at 350.

Proposed class representatives and proposed class members also share a common core of facts: Each of these families have or will have a child whose citizenship is denied and threatened by the Order. As a result, if the Order is left in place, those children will face numerous obstacles to life in the United States, including stigma and potential statelessness; loss of their right to vote, serve on federal juries and in many elected offices, and work in various federal jobs; ineligibility for various federal programs; and potential arrest, detention, and deportation to countries they may have never even seen. Proposed class representatives and proposed class members thus will "have suffered the same injury"—denial of citizenship, and its concomitant rights and duties, by the Executive Order. *Dukes*, 564 U.S. at 350. And that common injury is clearly "capable of classwide resolution." *Id.* Should the Court agree that Defendants' Executive Order violates the Fourteenth Amendment, 8 U.S.C. § 1401 *et seq.*, and/or the APA, all who fall within the class will benefit from the requested relief: an injunction declaring the Executive Order unlawful and enjoining Defendants from enforcing it. Thus, a common answer as to the legality of the challenged policies and practices will "drive the resolution of the litigation." *Dukes*, 564 U.S. at 350 (citation omitted).

Individual variation among Plaintiffs' questions of law and fact does not defeat commonality. *See, e.g.*, *Gomes*, 561 F. Supp. 3d at 100-01 (class certification granted despite individual differences among class members, where common issues pervade). Moreover, any factual differences that may exist among proposed class representatives and proposed class members in this case are immaterial to their claims, which challenge Defendants' Executive Order as violating the Fourteenth Amendment, 8 U.S.C. § 1401 *et seq.*, and the APA.

**C. The class representatives' claims are typical of those of the class.**

Where commonality looks to the relationship among class members generally, typicality under Rule 23(a)(3) "focuses on the relationship between the proposed class representative and the

7

rest of the class." *See George v. Nat'l Water Main Cleaning Co.*, 286 F.R.D. 168, 176 (D. Mass. 2012) (citing 1 William B. Rubenstein, *Newberg on Class Actions* § 3:26 (5th ed. 2012)). In practice, however, the analysis of typicality and commonality "tend to merge." *Levy v. Gutierrez*, 448 F. Supp. 3d 46, 68 (D.N.H. 2019) (citing *In re Credit Suisse-AOL*, 253 F.R.D. 17, 22 (D. Mass. 2008)). To satisfy Rule 23(a)(3), "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *George*, 286 F.R.D at 177 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997)).

Typicality is established when the claims of the named plaintiffs and the class "involve the same conduct by the defendant . . . regardless of factual differences." *Hawkins ex rel. Hawkins v. Comm'r of New Hampshire Dep't of Health & Human Servs.*, No. CIV. 99-143-JD, 2004 WL 166722, at *3 (D.N.H. Jan. 23, 2004) (quoting *Johnson v. HBO Film Mgt., Inc.*, 265 F.3d 178, 184 (3d Cir. 2001)). "For purposes of demonstrating typicality, '[a] sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 69 (D. Mass. 2005) (quoting *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 686 (S.D. Fla. 2004)).

Here, the interests of the proposed class representatives and the proposed class members are aligned. The proposed class representatives are members of the class and have suffered the same injury as the proposed class members, namely that the Defendants' Executive Order has denied them and their children citizenship and the rights and duties that come with citizenship. In such circumstances, the representative's claims are "obviously typical of the claims . . . of the class" and satisfy Rule 23(a)(3). *Baggett v. Ashe*, No. 2013 WL 2302102, 2013 WL 2302102, at *1 (D. Mass. May 23, 2013).

8

### D. The proposed class representatives and class counsel can adequately represent the class.

Finally, the named plaintiffs and their counsel will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Two factors must be satisfied to fulfill this prerequisite: "(1) the absence of potential conflict between the named plaintiff and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *Adair v. Sorenson*, 134 F.R.D. 13, 18 (D. Mass. 1991) (internal quotations omitted).

Here, there is no conflict—much less anything close to a conflict fundamental to the suit that would prevent a plaintiff from meeting the adequacy requirement. *Cf. Matamoros v. Starbucks Corp.*, 699 F.3d 129, 138 (1st Cir. 2012). The proposed class representatives have alleged the same injuries, arising from the same Executive Order, and they seek the same injunctive and declaratory relief, which will apply equally to the benefit of all class members.

In addition, "counsel chosen by the representative party is qualified, experienced, and able to vigorously conduct the proposed litigation." *Adair*, 134 F.R.D. at 18. The proposed class would be represented by pro bono counsel from the ACLU Immigrants' Rights Project; the ACLUs of New Hampshire, Maine, and Massachusetts; the Asian Law Caucus; the NAACP Legal Defense and Educational Fund; and the Democracy Defenders Fund. Proposed class counsel have extensive experience litigating class action lawsuits and other complex cases in federal court. *See* Declaration of Cody Wofsy, Esq., Ex. A; Declaration of Gilles Bissonnette, Esq., Ex. B; Declaration of Carol Garvan, Esq., Ex. C; Declaration of Adriana Lafaille, Esq., Ex. D; Declaration of Morenike Fajana, Esq., Ex. E; Declaration of Winifred Kao, Esq., Ex. F; Declaration of Tianna Mays, Esq., Ex. J.

For the same reasons, counsel also satisfy the requirements of Rule 23(g) and should

be appointed as class counsel.

## II. The Proposed Class Meets the Requirements of Rule 23(b)(2).

Finally, "[i]n addition to meeting the four requirements of Rule 23(a)," the plaintiffs "must show that the proposed class falls into one of the three defined categories of Rule 23(b)." *Reid v. Donelan*, 297 F.R.D. 185, 192 (D. Mass. 2014). Here, the relevant category is Rule 23(b)(2), which applies when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole." *Id.*

The "prime examples" of Rule 23(b)(2) cases are civil rights cases like this one, where the claim asserts that the defendants have "engaged in unlawful behavior towards a defined group." *Reid*, 297 F.R.D. at 193. The rule also applies to a case such as this one, where "a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360-61 (as opposed to cases in which each class member would need an individual injunction or declaration, or in which each class member would be entitled to an individualized award of money damages).

The claims asserted here satisfy these requirements. Defendants have engaged in unlawful behavior towards the entire class. And because every member of the class is entitled to relief from this unconstitutional and otherwise unlawful Executive Order, an appropriate injunction or declaration will provide relief on a classwide basis. "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360 (citation omitted).

## CONCLUSION

Plaintiffs respectfully request that the Court grant this Motion and enter an order

certifying the proposed class under Rule 23(b)(2); appoint proposed class representatives as Class Representatives; and appoint their counsel from the ACLU Immigrants' Rights Project; the ACLUs of New Hampshire, Maine, and Massachusetts; the Asian Law Caucus; NAACP Legal Defense and Educational Fund; and the Democracy Defenders Fund as Class Counsel.

Dated: June 27, 2025

Respectfully submitted,

/s/ *SangYeob Kim*

| | |
|---|---|
| Cody Wofsy* <br> Hannah Steinberg* <br> Stephen Kang* <br> Spencer Amdur* <br> AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT <br> 425 California Street, Suite 700 <br> San Francisco, CA 94104 <br> T: (415) 343-0770 <br> cwofsy@aclu.org <br> hsteinberg@aclu.org <br> skang@aclu.org <br> samdur@aclu.org <br><br> Morenike Fajana* <br> Ashley Burrell* <br> Elizabeth Caldwell* <br> NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC. <br> 40 Rector St., FL 5, <br> New York, NY 10006 <br> (212) 217-1690 <br> mfajana@naacpldf.org <br> aburrell@naacpldf.org <br> bcaldwell@naacpldf.org <br><br> Morgan Humphrey** <br> Mide Odunsi*** <br> NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC. <br> 700 14th Street NW, Suite 600 <br> Washington, DC 20005 <br> (202) 249-2193 <br> mhumphrey@naacpldf.org | SangYeob Kim (N.H. Bar No. 266657) <br> Gilles R. Bissonnette (N.H. Bar. No. 265393) <br> Henry R. Klementowicz (N.H. Bar. No. 21177) <br> Chelsea Eddy (N.H. Bar No. 276248) <br> AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE <br> 18 Low Avenue <br> Concord, New Hampshire 03301 T: 603.224.5591 <br> sangyeob@aclu-nh.org <br> gilles@aclu-nh.org <br> henry@aclu-nh.org <br> chelsea@aclu-nh.org <br><br> Noor Zafar* <br> Grace Choi* <br> Lee Gelernt* <br> Omar Jadwat* <br> AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT <br> 125 Broad St., 18th Floor <br> New York, NY 10004 <br> T: (212) 549-2660 <br> nzafar@aclu.org <br> gchoi@aclu.org <br> lgelernt@aclu.org <br> ojadwat@aclu.org <br><br> Norm Eisen* <br> Tianna Mays* <br> DEMOCRACY DEFENDERS FUND |

11

modunsi@naacpldf.org

Carol Garvan (N.H. Bar. No. 21304)
Zachary L. Heiden*
AMERICAN CIVIL LIBERTIES UNION OF
MAINE FOUNDATION
P.O. Box 7860
Portland, Maine 04112
T: (207) 619.8687
cgarvan@aclumaine.org
heiden@aclumaine.org

Adriana Lafaille*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza
Suite 850
Boston, MA 02108
T: (617) 482-3170
alafaille@aclum.org

600 Pennsylvania Avenue SE, #15180
Washington, D.C. 20003
T: (202) 594-9958
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org

Christopher M. Lapinig*
Kimberly Wei Leung*
Winifred Kao*
ASIAN LAW CAUCUS
55 Columbus Ave
San Francisco, CA 94111
T: (415) 896-1701
christopherl@asianlawcaucus.org
kimberlyl@asianlawcaucus.org
winifredk@asianlawcaucus.org

*Counsel for Plaintiffs*
**Application for admission pro hac vice forthcoming*
***Application for admission pro hac vice forthcoming, admitted to practice law in New Jersey. Not a member of D.C. bar. Supervised by a member of the D.C. Bar.*
****Application for admission pro hac vice forthcoming, admitted to practice law in Illinois. Not a member of D.C. bar. Supervised by a member of the D.C. Bar.*

12