IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| "BARBARA;" "SARAH," by guardian, parent, and next friend "SUSAN;" and "MATTHEW," by guardian, parent, and next friend "MARK;" on behalf of themselves and all those similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-244 |

### DECLARATION OF CODY WOFSY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Cody Wofsy, declare as follows:

1. I am a Deputy Director at the American Civil Liberties Union Foundation Immigrants' Rights Project ("ACLU"), and am counsel for Plaintiffs in this case. I make this declaration to describe my qualifications and those of my colleagues to serve as counsel for the Proposed Class in this case. The following facts are based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

**Cody Wofsy**

2. I am a member of the California bar, and am admitted to practice in the U.S. Supreme Court; the U.S. Courts of Appeals for the First, Second, Fourth, Fifth, Sixth, Ninth, Tenth, Eleventh, and District of Columbia Circuits; and the U.S. District Courts for the Northern, Southern, Central, and Eastern Districts of California, the District of Columbia, and the Western District of Texas. I graduated from Yale Law School in 2013 and served as a Law Clerk to the

1

Honorable Myron H. Thompson of the U.S. District Court for the Middle District of Alabama and the Honorable Marsha S. Berzon of the Ninth Circuit Court of Appeals.

    3.    I litigate complex immigration-related cases at all levels of the federal and state courts. *See, e.g.*, *United States v. Texas*, 97 F.4th 268 (5th Cir. 2024) (denying stay of injunction against state immigration statute); *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020) (affirming in part injunction of policies limiting asylum within the expedited removal system); *East Bay Sanctuary Covenant v. Barr*, 964 F.3d 832 (9th Cir. 2020) (affirming injunction of bar on asylum for individuals who transit through third country), *amended* 994 F.3d 962 (9th Cir. 2000); *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242 (9th Cir. 2020) (affirming injunction of ban of asylum for noncitizens entering between ports of entry); *East Bay Sanctuary Covenant v. Trump*, 932 F.3d 742 (9th Cir. 2018) (denying stay of same injunction), *stay denied*, No. 18A615, 2018 WL 6713079 (U.S. Dec. 21, 2018); *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080 (2017) (denying stay in part of preliminary injunction of an Executive Order barring nationals of certain countries from entering the United States); *Morales v. Chadbourne*, 235 F. Supp. 3d 388 (D.R.I. 2017) (granting partial summary judgment in case challenging immigration arrest); *Ramon v. Short*, 2020 MT 69, 399 Mont. 254, 460 P.3d 867 (holding state officers lack authority to conduct civil immigration arrests); *People ex rel. Wells v. DeMarco*, 168 A.D.3d 31, 88 N.Y.S.3d 518 (N.Y. App. Div. 2018) (same).

    4.    I also represent amici in a number of cases involving the federal government's administration of the immigration laws. *See, e.g.*, *United States v. Texas*, 599 U.S. 670 (2023) (rejecting state challenge to immigration enforcement priorities); *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020) (rejecting government's interpretation of jurisdictional provision); *City of Chicago v. Barr*, 961 F.3d 882 (7th Cir. 2020) (rejecting government assertion of authority to

impose immigration related conditions on grant program); *City of Providence v. Barr*, 954 F.3d 23 (1st Cir. 2020) (same); *City of Philadelphia v. Attorney Gen. of United States*, 916 F.3d 276 (3d Cir. 2019), *reh'g denied* (June 24, 2019) (same); *United States v. California*, 921 F.3d 865 (9th Cir. 2019) (rejecting government efforts to enjoin California Values Act as preempted by immigration statutes), *cert. denied,* No. 19-532, 2020 WL 3146844 (U.S. June 15, 2020); *San Francisco v. Trump*, 897 F.3d 1225 (9th Cir. 2018) (affirming injunction of immigration-enforcement Executive Order); *see also Simon v. City of New York*, 893 F.3d 83 (2d Cir. 2018) (reversing dismissal of case challenging arrest on material witness warrant).

5.      I am or was class counsel in various immigration-related suits, including *Trump v. J.G.G.*, No. 24A931, 2025 WL 1024097 (U.S. Apr. 7, 2025) (challenge to Alien Enemies Act removals); *Huisha-Huisha v. Mayorkas*, 27 F.4th 718 (D.C. Cir. 2022) (challenge to "Title 42" expulsion process); P.J.E.S. v. Wolf, 502 F. Supp. 3d 492, 501 (D.D.C. 2020) (same); *Idaho Org. of Res. Councils v. Labrador*, No. 1:25-CV-00178-AKB, 2025 WL 1237305, at *20 (D. Idaho Apr. 29, 2025) (provisionally certifying classes and enjoining state immigration statute); *Fla. Immigrant Coal. v. Uthmeier*, No. 1:25-cv-21524-KMW, ECF No. 67 (S.D. Fla. Apr. 29, 2025) (similar); *Padres Unidos de Tulsa v. Drummond*, No. CIV-24-511-J, ECF No. 80 (W.D. Okla. May 20, 2025) (similar).

**Stephen B. Kang**

6.      Stephen Kang has worked at the ACLU since 2013.  Mr. Kang graduated from New York University School of Law in 2011 and clerked for the Honorable Kermit V. Lipez of the First Circuit Court of Appeals, and the Honorable Margaret M. Morrow (ret.) of the U.S. District Court for the Central District of California.  Mr. Kang is admitted to practice in California.  Mr. Kang is admitted to the bars of the U.S. Supreme Court; the U.S. Courts of

Appeals for the Third, Fifth, Sixth, Ninth, and District of Columbia Circuits; and the U.S. District Courts for the Central, Northern, and Southern Districts of California and the District of Columbia.

7. Mr. Kang specializes in systemic litigation and advocacy involving particularly vulnerable populations in the removal system, such as detained children and asylum-seeking families. His cases in this area include: *Ms. L. v. ICE*, 310 F. Supp. 3d 1133 (S.D. Cal. 2018), *modified*, 330 F.R.D. 284 (S.D. Cal. 2019) (enjoining government practice of separating asylum-seeking parents from their children at border); *Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) (affirming preliminary injunction against unlawful arrest and detention of noncitizens based on flawed gang allegations); *Flores v. Sessions*, 862 F.3d 863 (9th Cir. 2017) (amicus counsel) (upholding rights of detained immigrant children to custody hearings); *Duchitanga v. Lloyd*, No. 18-CV-10332 (S.D.N.Y. filed Nov. 6, 2018) (challenging widespread and severe delays in release of children in government custody due to fingerprinting backlogs); *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164 (D.D.C. 2015) (enjoining government's invocation of deterrence to detain asylum seeking families).

8. Mr. Kang has also served as counsel in a number of other cases concerning the due process rights of noncitizens in the removal process, including: *C.J.L.G. v. Barr*, 880 F.3d 1122 (9th Cir. 2018) (en banc) (reversing removal order of unrepresented child for failure to advise of relief eligibility); *J.E.F.M. v. Lynch*, 837 F.3d 1026 (9th Cir. 2016) (dismissing for lack of jurisdiction class action seeking appointed counsel for children); *Damus v. Nielsen*, 313 F. Supp. 3d 317 (D.D.C. 2018) (enjoining government's "no release policy" concerning asylum seekers); *Franco-Gonzalez v. Holder*, No. 10-CV-02211 DMG DTBX, 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014) (detailed injunctive order concerning appointed counsel rights for noncitizens

4

with mental disabilities facing removal).

9. A number of the cases described above are complex class actions against the federal government on immigration issues. He is or was class counsel in *Ms. L. v. ICE*, *Huisha-Huisha*, *P.J.E.S.*, *Saravia v. Sessions*, *Damus v. Nielsen*, *R.I.L-R v. Johnson*, *J.E.F.M. v. Lynch*, and *Franco-Gonzalez v. Holder* (described *supra*).

10. Mr. Kang has given CLE presentations to lawyers and advocates concerning the rights of detained noncitizens and immigrant children, and provide technical assistance to other practitioners litigating federal cases on these topics. He also speaks to nonlegal audiences.

**Lee Gelernt**

11. Lee Gelernt has been an attorney with the American Civil Liberties Union since 1992. He currently holds the positions of Deputy Director of the ACLU's National Immigrants' Rights Project. Mr. Gelernt graduated from Columbia Law School in 1988.

12. Mr. Gelernt is a member of the New York bar, and is admitted to practice in the U.S. Supreme Court; the U.S. Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and District of Columbia Circuits; and the U.S. District Courts for the District of Columbia, the Eastern District of New York, and the Eastern District of Michigan. He has argued dozens of notable immigrants' rights cases at all levels of the federal court system, including in the U.S. Supreme Court, the U.S. Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits, and in numerous district courts around the country.

13. Mr. Gelernt has served as lead counsel, or argued in, many class action immigration cases, including recently *Ms. L. v. ICE* (challenging the Trump administration's family separation practice, described *supra*), *Huisha-Huisha* and *P.J.E.S.* (challenging the Title

5

42 system, described *supra*), and in a series of cases involving classes of long-term U.S. residents subject to deportation to countries where they feared death, persecution, or other harms. *See Hamama v. Adducci*, 258 F. Supp. 3d 828, (E.D. Mich. 2017), *vacated and remanded by* 912 F.3d 869 (6th Cir. 2018); *Devitri v. Cronen*, 290 F. Supp. 3d 86 (D. Mass. 2017); *Ibrahim v. Acosta*, No. 17-CV-24574, 2018 WL 582520 (S.D. Fla. Jan. 26, 2018); *Nak Kim Chhoeun v. Marin*, No. 17-CV-01898, 2018 WL 571503 (C.D. Cal. Jan. 25, 2018).

14. Mr. Gelernt has also served as lead counsel in numerous systemic cases challenging the federal government's efforts to restrict noncitizens from accessing asylum. *See, e.g.*, *East Bay Sanctuary Covenant v. Barr*; *Capital Area Immigrants' Rights Coal. v. Trump*; *East Bay Sanctuary Covenant v. Trump* (described *supra*).

15. Mr. Gelernt has also testified as an expert before both the U.S. Senate and House of Representatives on immigration issues. He served as a law clerk to the Honorable Frank M. Coffin, formerly of the First Circuit Court of Appeals. In addition to his work at the ACLU, Mr. Gelernt is an adjunct professor at Columbia Law School, and for many years taught at Yale Law School as an adjunct.

**Omar Jadwat**

16. Omar Jadwat has been an attorney with the ACLU since 2002 and is the current Director. Mr. Jadwat graduated from New York University School of Law in 2001, then clerked for the Honorable John G. Koeltl of the U.S. District Court for the Southern District of New York.

17. Mr. Jadwat is a member of the New York bar, and is admitted to practice in the U.S. Supreme Court; the U.S. Courts of Appeals for the First, Second, Third, Fourth, Fifth, Eighth, Ninth, Tenth, Eleventh, and District of Columbia Circuits; and the U.S. District Courts

for the Southern and Eastern Districts of New York. He has argued notable immigrants' rights cases at all levels of the federal court system.

18. Mr. Jadwat has served as counsel in multiple class action or systemic immigration cases. His cases include: *Trump v. Int'l Refugee Assistance Project* (described *supra*); *Lozano v. City of Hazleton*, 724 F.3d 297, 300 (3d Cir. 2013) (argued) (affirming injunction against city provisions seeking to prohibit unauthorized noncitizens from working or renting housing); *Villas at Parkside Partners v. City of Farmers Branch, Tex.*, 726 F.3d 524, 528 (5th Cir. 2013) (affirming injunction against criminal and civil provisions seeking to prevent unauthorized noncitizens from renting housing in city); *Hisp. Int. Coal. of Alabama v. Governor of Alabama*, 691 F.3d 1236, 1240 (11th Cir. 2012) (remanding for entry of preliminary injunction against state statute seeking to bar public postsecondary education for unauthorized noncitizens).

19. In addition to his work at the ACLU, Mr. Jadwat has taught classes on immigration law and litigation at New York University School of Law and Cardozo School of Law.

**Spencer Amdur**

20. Spencer Amdur is a Senior Staff Attorney at the ACLU. He is a member of the bar of California, and is admitted to practice in the U.S. Courts of Appeals for the Second, Fourth, Fifth, Seventh, Ninth, Tenth, and District of Columbia Circuits; and the U.S. District Courts for the District of Columbia, Northern and Southern Districts of California, and the Western District of Texas. He graduated from Yale Law School in 2013 and clerked for the Honorable Judith W. Rogers of the U.S. Court of Appeals for the D.C. Circuit. Prior to his work at the ACLU, he was a Trial Attorney at the Federal Programs Branch of the Civil Division within the U.S. Department of Justice, as well as an Arthur Liman Public Interest Fellow at the

Lawyers' Committee for Civil Rights in San Francisco.

21. Mr. Amdur litigates complex immigration-related cases at all levels of the federal and state courts. *See, e.g.*, *Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788 (9th Cir. 2020); *Texas v. Travis Cnty., Texas*, 910 F.3d 809 (5th Cir. 2018) (affirming dismissal of lawsuit seeking declaration of state immigration law's constitutionality); *Trump v. Int'l Refugee Assistance Project* (described *supra*); *Roy v. County of Los Angeles*, No. 12-cv-9012, 2018 WL 914773 (C.D. Cal. Feb. 7, 2018) (granting summary judgment as to certain subclasses in class action challenge to federal and local immigration detention policies) . He also represents amici in a number of cases involving the federal government's administration of the immigration laws. *See, e.g.*, *City of Chicago v. Barr and City of Philadelphia v. Att'y Gen.* (described supra); *County of Santa Clara v. Trump*, No. 17- 17480 (9th Cir.) (reviewing injunction of immigration-enforcement Executive Order); *Idaho Org. of Res. Councils*, 2025 WL 1237305, at *20 (described *supra*); *Fla. Immigrant Coal.*, No. 1:25-cv-21524-KMW, ECF No. 67 (S.D. Fla. Apr. 29, 2025) (described *supra*); *Padres Unidos de Tulsa v. Drummond*, No. CIV-24-511-J, ECF No. 80 (W.D. Okla. May 20, 2025) (described *supra*).

**Hannah Steinberg**

22. Hannah Steinberg is a Staff Attorney at the ACLU. She is a member of the California bar and is admitted to practice before the U.S. District Court for the Northern District of California and the U.S. Courts of Appeals for the Second and Ninth Circuits. She is a 2019 graduate of Yale Law School. After graduation, she clerked for the Honorable Robert E. Bacharach of the U.S. Court of Appeals for the Tenth Circuit and for the Honorable Lucy H. Koh, then of the U.S. District Court for the Northern District of California (now of the U.S. Court of Appeals for the Ninth Circuit). Since coming to the ACLU in 2022, she has served as

counsel on major cases concerning the rights of noncitizens facing removal. *See, e.g.*, *Idaho Org. of Res. Councils*, 2025 WL 1237305, at *20 (described *supra*); *Fla. Immigrant Coal.*, No. 1:25-cv-21524-KMW, ECF No. 67 (S.D. Fla. Apr. 29, 2025) (described *supra*) . Before joining the ACLU, she worked at Social Justice Legal Foundation. In law school, she worked on what would become a class action of all individuals who are or will be eligible for Deferred Action for Childhood Arrivals ("DACA"). *See Batalla Vidal, et al. v. Nielsen*, No. 16-CV-4756-NGG (E.D.N.Y. filed Aug. 25, 2016).

**Noor Zafar**

23. Noor Zafar is a Senior Staff Attorney at the ACLU. She is a member of the New York bar and is admitted to practice before the U.S. District Court for the Southern District of New York and the U.S. Courts of Appeals for the Second, Ninth, Tenth, and Eleventh Circuits. She is a 2016 graduate of Harvard Law School.

24. Since coming to the ACLU in 2018, she has served as counsel on several major immigration-related cases. *See, e.g., Padres Unidos v. Drummond*, 24-cv-526 (W.D. Okla. 2024) (described *supra*); *Am. C.L. Union Immigrants' Rts. Project v. United States Immigr. & Customs Enf't,* 58 F.4th 643, 646 (2d Cir. 2023) (FOIA obtaining disclosure of ICE records); *Sierra Club v. Trump*, 963 F.3d 874 (9th Cir. 2020) (injunction against diversion of military funds to construct border wall).

25. She has also served as counsel in *Samma v. U.S. Dep't of Def.*, No. 20-cv-1104 (D.D.C. 2020), a class action on behalf of noncitizen service members that successfully challenged a policy denying them an expedited path to citizenship, and *Padres Unidos de Tulsa v. Drummond*, No. CIV-24-511-J, ECF No. 80 (W.D. Okla. May 20, 2025) (described *supra*).

26. Prior to joining the ACLU, she worked as a Bertha Justice fellow at the Center for

Constitutional Rights, where she represented detainees at Guantánamo Bay and engaged in litigation and advocacy relating to the laws of war, immigration, and religious profiling. *See, e.g., Hassan v. City of New York*, 14-1688 (3d Cir. 2015); *al-Hajj v. Trump*, 9-cv-745 (D.D.C. 2018) (habeas action on behalf of law of war detainees at Guantánamo).

**Grace Choi**

27.     Grace Choi is a fellow at the ACLU. She is a member of the New York bar and is admitted to practice before the U.S. District Courts for the Southern and Eastern Districts of New York. She is a 2022 graduate of Yale Law School. After graduation, she clerked for the Honorable John G. Koeltl of the U.S. District Court for the Southern District of New York and worked at the New York Legal Assistance Group in the Immigrant Protection Unit, where she represented children and families in immigration matters. In law school, she represented a class of all immigrants detained by ICE in the First Circuit for over six months pursuant to a mandatory detention statute, *Reid v. Donelan, et al.*, No. 13-CV-30125-MAP (D. Mass. filed July 1, 2013), and a class of immigrants detained by ICE at a detention facility in Massachusetts during the height of the COVID-19 pandemic, *Savino, et al., v. Hodgson, et al.*, No. 20-CV-10617-WGY (D. Mass. filed Mar. 27, 2020). Since coming to the ACLU in 2024, she has served as counsel on major cases concerning the rights of noncitizens facing removal. *See, e.g., Idaho Org. of Res. Councils*, 2025 WL 1237305, at *20 (described *supra*); *Fla. Immigrant Coal.*, No. 1:25-cv-21524-KMW, ECF No. 67 (S.D. Fla. Apr. 29, 2025) (described *supra*); *Padres Unidos de Tulsa v. Drummond*, No. CIV-24-511-J, ECF No. 80 (W.D. Okla. May 20, 2025) (described *supra*).

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Cody Wofsy*
Cody Wofsy

Executed on June 3, 2025.