IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| "BARBARA;" "SARAH," by guardian, parent, and next friend "SUSAN;" and "MATTHEW," by guardian, parent, and next friend "MARK;" on behalf of themselves and all those similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-244 |

**DECLARATION OF GILLES BISSONNETTE IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Gilles Bissonnette, declare as follows:

1. I am the Legal Director for the American Civil Liberties Union of New Hampshire ("ACLU-NH"), and am counsel for Plaintiffs in the above-captioned matter. I make this declaration to describe my qualifications and the qualifications of ACLU-NH Senior Staff Attorney SangYeob Kim to serve as counsel for the Proposed Class in this case. The following facts are based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. The ACLU-NH is a public interest organization dedicated to defending civil rights and civil liberties under the state and federal constitutions. It is committed to expending the resources necessary to fully represent the class in this important case involving the constitutional rights of children who are denied citizenship under the January 20, 2025 Executive Order entitled "Protecting the Meaning and Value of American Citizenship."

1

**<u>Gilles Bissonnette</u>**

      3.      As Legal Director for the ACLU-NH, this Court has certified me as class counsel in two cases. *See Gomes[1], et al. v. U.S. Department of Homeland Security*, 561 F. Supp. 3d 93 (D.N.H. 2021) (class certification order in case addressing the constitutional rights of medically-vulnerable civil immigration detainees amid the COVID-19 pandemic); *Doe v. Commissioner*, No. 18-cv-1039-JD, 2020 U.S. Dist. LEXIS 78387 (D.N.H. May 4, 2020) (class certification order in case addressing the constitutional and statutory rights of individuals boarded in hospital emergency rooms).

      4.      I am a member of the New Hampshire bar. I am admitted to practice law in the state and federal courts in New Hampshire and Massachusetts, the First Circuit Court of Appeals, and the United States Supreme Court. I have been practicing law for over seventeen (17) years (since 2007). I became a member of the New Hampshire bar in 2013. Prior to 2013, I was a member of the Massachusetts bar beginning in 2007.

      5.      I joined the ACLU-NH in late August 2013 as Staff Attorney. I was promoted to Legal Director in March 2015. In my capacity as Legal Director (and earlier as Staff Attorney), I litigate civil rights and civil liberties cases across the State of New Hampshire, oversee the operation of the ACLU-NH's legal program, and provide counsel to the ACLU-NH on matters of constitutional law. I also supervise and manage three other attorneys who are on the staff of the ACLU-NH.

---

[1] This case was later recaptioned with a new plaintiff, Marcus Vinicius Giotto.

6.     I regularly litigate civil rights cases on behalf of plaintiffs in federal and state courts in New Hampshire. In addition to the above-captioned matter, these cases have included the following:

- *Drewniak/Fuentes v. U.S. Customs and Border Protection*, No. 1:20-cv-852-LM (D.N.H.) (settled lawsuit challenging CBP's use of interior immigration checkpoints in New Hampshire).

- *Guerra-Castaneda v. United States of America*, 656 F. Supp. 3d 356 (D. Mass. 2023) (allowing wrongful deportation claim to proceed where ICE deported a man in September 2019 despite two federal court orders stating that he should remain in the U.S. while his asylum case is pending).

- *Local 8027, Mejia, Philibotte, et al. v. Edelblut*, No. 21-cv-1077-PB, 2024 U.S. Dist. LEXIS 94052 (D.N.H. May 28, 2024) (holding that the prohibitions in New Hampshire's law "against teaching banned concepts are unconstitutionally vague," and that the law's provisions that discourage public school teachers from teaching and talking about race, gender, and sexual orientation contains "viewpoint-based restrictions on speech that do not provide either fair warning to educators of what they prohibit or sufficient standards for law enforcement to prevent arbitrary and discriminatory enforcement") (on appeal).

- *Tirrell v. Edelblut, et al.*, No. 1:24-cv-00251-LM, 2024 U.S. Dist. LEXIS 162185, __ F. Supp. 3d __ (D.N.H. Sept. 10, 2024) (in a pending challenge to New Hampshire's transgender sports ban, granting plaintiffs' motion for a preliminary injunction allowing them to play sports; as counsel in coalition led by GLBTQ Legal Advocates & Defenders).

- *Doe v. Commissioner*, No. 18-cv-1039-JD, 2020 U.S. Dist. LEXIS 75759 (D.N.H. Apr. 30, 2020) (ruling that State is obligated to provide due process to those suspected of experiencing a mental health crisis within three days of their detention in a hospital emergency room).

- *Doe v. Commissioner*, 174 N.H. 239 (2021) (holding that the State "has a duty mandated by statute to provide for probable cause hearings within three days of when an involuntary emergency certificate is completed"; as amicus on behalf of federal class).

- *Stone v. City of Claremont*, 2024 N.H. 11 (2024) (ordering disclosure of disciplinary records concerning former Claremont police officer where the operative agreement did not prohibit disclosure of the requested records).

- *Provenza v. Town of Canaan*, 175 N.H. 121 (2022) (holding that an internal report commissioned by a police department investigating an allegation of excessive force should be released to the public, in part, because "[t]he public has a substantial interest in

3

information about what its government is up to, as well as in knowing whether a government investigation is comprehensive and accurate").

- *ACLU-NH v. N.H. Div. of State Police*, 176 N.H. 302 (2023) (holding that, in response to a Right-to-Know request, police misconduct personnel files cannot be categorically withheld from the public under a different and separate criminal discovery statute -- RSA 105:13-b).

- *Union Leader Corp. and ACLU-NH v. Town of Salem*, 173 N.H. 345 (2020) (overruling 1993 *Fenniman* decision in holding that the public's interest in disclosure must be balanced in determining whether the "internal personnel practices" exemption applies to requested records).

- *Seacoast Newspapers, Inc. v. City of Portsmouth*, 173 N.H. 325 (2020) (overruling 1993 *Fenniman* decision in holding that the "internal personnel practices" exemption only narrowly covers "records pertaining to the internal rules and practices governing an agency's operations and employee relations, not information concerning the performance of a particular employee").

- *New Hampshire Center for Public Interest Journalism, et al./ACLU-NH v. N.H. Department of Justice*, 173 N.H. 648 (2020) (holding that a list of over 275 New Hampshire police officers who have allegedly engaged in misconduct that reflects negatively on their credibility or trustworthiness is not exempt from disclosure under RSA 105:13-b or the "internal personnel practices" and "personnel file" exemptions; remanding for application of public interest balancing test).

- *Saucedo v. State of New Hampshire*, 335 F. Supp. 3d 202 (D.N.H. 2018) (striking down, on procedural due process grounds, a New Hampshire law that invalidated the absentee ballots of hundreds of voters, many of whom are disabled, based on signature comparisons without notice or an opportunity to cure).

- *Rideout v. State of New Hampshire,* 123 F. Supp. 3d 218 (D.N.H. 2015), *aff'd*, 838 F.3d 65 (1st Cir. 2016), *cert denied*, 137 S. Ct. 1435 (2017) (striking down New Hampshire law banning online "ballot selfies" on grounds that it violates the First Amendment).

- *Petrello v. City of Manchester*, No. 16-cv-008-LM, 2017 U.S. Dist. LEXIS 144793 (D.N.H. Sep. 7, 2017) (striking down, on First Amendment grounds, Manchester's anti-panhandling ordinance, as well as permanently enjoining Manchester's anti-panhandling police practices).

- *Guare, et al. v. New Hampshire*, 167 N.H. 658 (2015) (striking down voter registration form language that would impose a chilling effect on the right to vote of those domiciled in New Hampshire).

- *Doe v. New Hampshire*, 167 N.H. 382 (2015) (holding that New Hampshire's retroactive, lifetime registration requirements for certain offenders are "punitive in effect" and therefore unconstitutional as applied to ACLU-NH client under New Hampshire Constitution's bar on retrospective laws).

7. I am a registered lobbyist in the State of New Hampshire, and have provided analysis to elected officials in State and local government to ensure protection of civil rights and civil liberties, including in the areas of immigration and criminal justice.

8. I have published over 30 articles on constitutional law in publications throughout New Hampshire. I am the 2022 recipient of the New Hampshire Bar Association's Distinguished Service to the Public Award. I am a member of the Hearings Committee of the Attorney Discipline System, as well as the Federal Court Advisory Committee. I was a trustee of the New Hampshire Supreme Court Society (2018-2024). I also served as an adjunct professor at the University of New Hampshire Franklin Pierce School of Law where I taught the course "Human Rights and Social Justice" during the Fall of 2023. My complete biography can be found here: http://aclu-nh.org/about/staff/

9. Prior to my work at the ACLU-NH, I worked as a civil litigator for approximately five (5) years where I represented commercial and individual clients in all aspects of litigation and in a variety of areas of law. I worked at the national law firm of Cooley LLP (formerly Cooley Godward Kronish LLP) out of its Boston office as an associate from January 2012 to August 2013. Prior to my work at Cooley LLP, I worked for the Boston-based law firm Todd & Weld, LLP as an associate from September 2009 to January 2012. I also worked for the Boston-based law firm of Choate, Hall & Stewart LLP from September 2007 to August 2008. In these positions, I litigated complex civil cases throughout the United States.

10. I graduated from UCLA School of Law in 2007. While at UCLA School of Law, I was the Chief Comments Editor of the *UCLA Law Review*. I clerked for the late Judge Thomas

M. Golden of the United States District Court for the Eastern District of Pennsylvania from August 2008 to August 2009. I received a Bachelor of Arts degree and a Master of Arts degree in History from Washington University in St. Louis in December 2003.

**SangYeob Kim**

11. Mr. Kim is a Senior Staff Attorney at the ACLU-NH and co-counsel for Class Plaintiffs in the above-captioned matter.

12. Mr. Kim is an active member of the New Hampshire bar. He is admitted to practice law in the state and federal courts in New Hampshire, New Jersey, and New York, the First Circuit Court of Appeals, and the United States Supreme Court. He has been practicing law for more than 8 years. He became a member of the New Hampshire Bar in 2015.

13. Mr. Kim joined the ACLU-NH in July 2018 as an Immigration Legal Fellow. He was promoted to Staff Attorney in June 2019 and Senior Staff Attorney in April 2023. In his capacity as Senior Staff Attorney (and earlier as Immigration Legal Fellow and Staff Attorney), he litigates immigration law related cases across the State of New Hampshire and the First Circuit and provides counsel to the ACLU-NH on matters of immigration law.

14. He regularly litigates immigration cases on behalf of plaintiffs and petitioners before this Court and the First Circuit. These cases include *Giotto v. U.S. Department of Homeland Security*, 20-cv-453-LM, which is a now-settled class action that challenged the federal government's management of immigration detainees' safety from the COVID-19 pandemic at the Strafford County Department of Correction in Dover, New Hampshire. In addition to this case, Mr. Kim has litigated the following cases:

- *Akinsanya v. Garland*, 125 F.4th 287 (1st Cir. 2025) (meaning of the Convention Against Torture ("CAT") acquiescence).

- *Morgan v. Garland*, 120 F.4th 913 (1st Cir. 2024) (meaning of the CAT acquiescence).

6

- *Escobar Larin v. Garland*, 122 F.4th 465 (1st Cir. 2024) (the legal interpretation of changed circumstances exception to the one year asylum deadline and standards under the CAT).

- *Paye v. Garland*, 109 F.4th 1 (1st Cir. 2024) (legal interpretation of withholding of removal standard).

- *Ferreira v. Garland*, 97 F.4th 36 (1st Cir. 2024) (vacating the agency's withholding of removal denial because the agency misunderstood the protection basis the noncitizen presented to the agency).

- *Bazile v. Garland*, 76 F.4th 5 (1st Cir. 2023) (judicial venue for immigration appeals).

- *G.P. v. Garland*, No. 21-2002, 2023 U.S. App. LEXIS 17828 (1st Cir. July 13, 2023) (addressing agency's assessment of country conditions expert witness evidence in removal proceedings) (unpublished).

- *Chavez v. Garland*, 51 F.4th 424 (1st Cir. 2022) (rejecting the agency's precedential decision, *Matter of E-A-G-*, 24 I. & N. Dec. 591 (BIA 2008), because it categorically forecloses incorrectly perceived gang members as a basis for asylum and withholding of removal).

- *H.H. v. Garland*, 52 F.4th 8 (1st Cir. 2022) (meaning of CAT acquiescence standard).

- *Rivera-Medrano v. Garland*, 47 F.4th 29 (1st Cir. 2022) (the agency's assessment of the psychologist's expert opinion in addressing the noncitizen's credibility).

- *Adeyanju v. Garland*, 27 F.4th 25 (1st Cir. 2022) (meaning and application of the appellate agency's clear error review over the immigration judge's factual findings).

- *Barros v. Garland*, 31 F.4th 51 (1st Cir. 2022) (meaning of statutory and administrative exhaustion requirements for judicial review).

- *Perez-Trujillo v. Garland*, 3 F.4th 10 (1st Cir. 2021) (application of the doctrine of the agency's departure from its settled course of adjudication).

- *Hernandez Lara v. Barr*, 962 F.3d 45 (1st Cir. 2020) (statutory right to lawyer in removal proceedings).

- *Hernandez-Lara v. Immigration & Customs Enf't*, 560 F. Supp. 3d 531 (D.N.H. 2019) (constitutional burden of proof in immigration detention hearing), *affirmed in part by Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021).

- *Rocha v. Barr*, 422 F. Supp.3d 472 (D.N.H. 2019) (constitutional challenge to mandatory immigration detention).

- *Compere v. Nielsen*, 358 F. Supp. 3d 170 (D.N.H. 2019) (constitutional and statutory challenge to premature deportation during the pendency of statutory motion to reopen).

- *Guerra-Castaneda v. United States*, 656 F. Supp. 3d 356 (D. Mass. 2023) (allowing wrongful deportation claim to proceed where ICE deported a man in September 2019 despite two federal court orders stating that he should remain in the U.S. while his asylum case is pending).

- *Rivera-Medrano v. Wolf*, 2020 DNH 055, 2020 U.S. Dist. LEXIS 59609 (D.N.H. Apr. 4, 2020) (constitutional challenge to prolonged discretionary detention without a bond hearing).

15. Mr. Kim graduated from the University of Iowa College of Law and obtained a Juris Doctor in 2014. He also obtained a Master of Arts in International Relations and War from King's College London Department of War Studies (2024) and a Bachelor of Arts in International Affairs from The George Washington University (2007).

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Gilles R. Bissonnette*
Gilles Bissonnette

Executed on March 14, 2025.