IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| "BARBARA;" "SARAH," by guardian, parent, and next friend "SUSAN;" and "MATTHEW," by guardian, parent, and next friend "MARK;" on behalf of themselves and all those similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-244 |

**MOTION FOR CLASSWIDE
PRELIMINARY INJUNCTION;
REQUEST FOR EXPEDITED TREATMENT, L.R. 7.1(f)**

Plaintiffs—a putative class of babies whose U.S. citizenship is threatened by Executive Order No. 14,160, 90 Fed. Reg. 8499 (Jan. 29, 2025) ("Protecting the Meaning and Value of American") ("the Order"), and their parents—respectfully move this Court for a preliminary injunction against the Order. FED. R. CIV. P. 65(a), (b). To facilitate likely appellate review, Plaintiffs request that Defendants be directed to respond by July 2 and that the Court issue a ruling by July 7.

On June 27, 2025, the Supreme Court granted a partial stay of the three existing nationwide injunctions, potentially narrowing their scope. Slip Op., *Trump v. CASA*, No. 24A884 (2025). The Court directed the lower courts to address the proper scope of the injunctions in those cases, and specified that "§ 2 of the Executive Order shall not take effect until 30 days after the date of this opinion." *Id*. at 26. As such, tens of thousands of babies may be exposed to all the harms caused by the Order in just weeks absent intervention from this Court. Plaintiffs therefore request that the Court order expedited briefing, grant provisional class certification, and issue a preliminary injunction as soon as possible.

This Court has already issued a preliminary injunction against the Order, temporarily protecting three organizational plaintiffs and their members. *See N.H. Indonesian Cmty. Support v. Trump*, 765 F. Supp. 3d 102 (D.N.H. 2025). Every other court to examine the Order's legality has done the same. *See Doe v. Trump*, 766 F. Supp. 3d 266, 289 (D. Mass. 2025); *CASA, Inc. v. Trump*, 763 F. Supp. 3d 723, 746 (D. Md. 2025); *State v. Trump*, 765 F. Supp. 3d 1142, 1154 (W.D. Wash. 2025).

Specifically, this Court found that those plaintiffs were likely to succeed on the merits of their claims as "the Executive Order contradicts the text of the Fourteenth Amendment and the century-old untouched precedent that interprets it," and "also likely violates [8 U.S.C.] § 1401,

1

which codified the pertinent language from the Fourteenth Amendment." 765 F. Supp. 3d at 109-11 (citing *U.S. v. Wong Kim Ark*, 169 U.S. 649 (1898)). Indeed, the government does not "contest that, for more than a century, persons in the two categories that the Executive Order seeks to prevent from being recognized as United States citizens have been so recognized." *New Jersey v. Trump*, 131 F.4th 27, 35 (1st Cir. 2025) (denying stay pending appeal of another injunction against the Order).

On the equities, the Court had "little difficulty concluding that the denial of citizenship status to newborns, even temporarily, constitutes irreparable harm." *N.H. Indonesian Cmty. Support*, 765 F. Supp. 3d at 111. The Court enjoined the Order, limiting its relief to the members of the three plaintiff organizations. Prelim. Inj. Ord., ECF No. 79; Hearing Tr., ECF No. 80.

As the Court observed, the "imposition of the Executive Order would impact" not only those members but also "similarly situated individuals and families" around the country "in numerous ways, some of which—in the context of balancing equities and the public interest—are unnecessarily destabilizing and disruptive." 765 F. Supp. 3d at 111-12; *see also New Jersey v. Trump*, 131 F.4th at 41 ("the Government does not dispute that the public has a substantial interest in ensuring that those entitled to be recognized as U.S. citizens under the criteria on which officials at all levels of government have long relied are not unlawfully deprived of that recognition"). Those families are now seriously threatened. The Supreme Court has partially stayed the three nationwide injunctions against the Order "to the extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue" and "to the extent that they prohibit executive agencies from developing and issuing public guidance about the Executive's plans to implement the Executive Order." *Trump v. CASA, Inc.*, No.

2

24A884, slip op. at 26 (U.S. June 27, 2025). Once the 30-day pause expires, the stay threatens to leave literally millions of families around the country unprotected.

For all the reasons explained in the Court's prior order, and in Plaintiffs' prior preliminary injunction briefing, *see* Mem. in Supp. of Mot. for Prelim. Inj., ECF No. 24-1; Reply in Supp. of Mot. for Prelim. Inj., ECF No. 64, which Plaintiffs incorporate herein by reference, Plaintiffs respectfully request that the Court provisionally certify the class and immediately issue a classwide preliminary injunction. *See Yanes v. Martin*, 464 F. Supp. 3d 467, 468 (D.R.I. 2020) (noting that court had granted provisional class certification of noncitizen detainees at risk of severe injury or death due to COVID-19); *Gomes v. Acting Sec'y, U.S. Dep't of Homeland Sec.*, No. 20-CV-453-LM, 2020 WL 2113642, at *4 (D.N.H. May 4, 2020) (granting provisional class certification for purposes of holding expedited bail hearings for noncitizen detainees). The Court has already resolved the preliminary injunction factors, so no further analysis on those questions is necessary.

Indeed, the government's position is that to secure protection from the Order, families should "seek class certification and, if appropriate, seek class-wide preliminary relief." Mot. to Stay at 38; *see CASA*, Slip op. 13-14 (discussing class actions). Plaintiffs here are doing just that. *See, e.g.*, *Levy v. Gutierrez*, 448 F. Supp. 3d 46, 72 (D.N.H. 2019) (Laplante, J.) (certifying nationwide class); *Doe #1 v. Trump*, 957 F.3d 1050, 1069 (9th Cir. 2020) (denying stay of nationwide injunction in part "[b]ecause the class here is nationwide, and because a nationwide injunction is necessary to provide the class with complete relief"); *Fraser v. Bureau of Alcohol*, No. 3:22CV410, 2023 WL 5616011, at *10 (E.D. Va. Aug. 30, 2023) (certifying nationwide class where "the statutory and regulatory regime (the Government's conduct) unconstitutionally restricts the rights of every person in the class in exactly the same way"); *Thornton v. Comm'r of*

*Soc. Sec.*, 570 F. Supp. 3d 1010, 1027 (W.D. Wash. 2020) (certifying nationwide class and issuing injunction because "[t]he class suffers the same constitutional injury as a result of the same action by the Administration").

Pursuant to L.R. 7.1(h), and to facilitate likely appellate proceedings within the 30-day window, Plaintiffs respectfully request that Defendants be directed to respond by July 2 and that the Court issue a ruling by July 7. In the interest of time, Plaintiffs request that the Court forego oral argument, or schedule a remote argument for July 7.

## CONCLUSION

The Court should grant a preliminary injunction.

Dated: June 27, 2025

Cody Wofsy*
Hannah Steinberg*
Stephen Kang*
Spencer Amdur*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION IMMIGRANTS' RIGHTS
PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
cwofsy@aclu.org
hsteinberg@aclu.org
skang@aclu.org
samdur@aclu.org

Morenike Fajana*
Ashley Burrell*
Elizabeth Caldwell*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., FL 5,
New York, NY 10006
(212) 217-1690
mfajana@naacpldf.org

Respectfully submitted,

/s/ *SangYeob Kim*
SangYeob Kim (N.H. Bar No. 266657)
Gilles R. Bissonnette (N.H. Bar. No. 265393)
Henry R. Klementowicz (N.H. Bar. No. 21177)
Chelsea Eddy (N.H. Bar No. 276248)
AMERICAN CIVIL LIBERTIES UNION
OF NEW HAMPSHIRE
18 Low Avenue
Concord, New Hampshire
03301 T: 603.224.5591
sangyeob@aclu-nh.org
gilles@aclu-nh.org
henry@aclu-nh.org
chelsea@aclu-nh.org

Noor Zafar*
Grace Choi*
Lee Gelernt*
Omar Jadwat*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION IMMIGRANTS' RIGHTS
PROJECT

4

aburrell@naacpldf.org
bcaldwell@naacpldf.org

Morgan Humphrey**
Mide Odunsi***
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 249-2193
mhumphrey@naacpldf.org
modunsi@naacpldf.org

Carol Garvan (N.H. Bar. No. 21304)
Zachary L. Heiden*
AMERICAN CIVIL LIBERTIES UNION OF MAINE
FOUNDATION
P.O. Box 7860
Portland, Maine 04112
T: (207) 619.8687
cgarvan@aclumaine.org
heiden@aclumaine.org

Adriana Lafaille*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza
Suite 850
Boston, MA 02108
T: (617) 482-3170
alafaille@aclum.org

125 Broad St., 18th Floor New York, NY 10004
T: (212) 549-2660
nzafar@aclu.org
gchoi@aclu.org
lgelernt@aclu.org
ojadwat@aclu.org

Norm Eisen*
Tianna Mays*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, #15180
Washington, D.C. 20003
T: (202) 594-9958
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org

Christopher M. Lapinig*
Kimberly Wei Leung*
Winifred Kao*
ASIAN LAW CAUCUS
55 Columbus Ave
San Francisco, CA 94111
T: (415) 896-1701
christopherl@asianlawcaucus.org
kimberlyl@asianlawcaucus.org
winifredk@asianlawcaucus.org

*Counsel for Plaintiffs*
*\*Application for admission pro hac vice forthcoming*
*\*\*Application for admission pro hac vice forthcoming, admitted to practice law in New Jersey. Not a member of D.C. bar. Supervised by a member of the D.C. Bar.*
*\*\*\*Application for admission pro hac vice forthcoming, admitted to practice law in Illinois. Not a member of the D.C. bar. Supervised by a member of the D.C. Bar.*

5