**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

"BARBARA;" "SARAH," by guardian, parent, and next friend "SUSAN;" and "MATTHEW," by guardian, parent, and next friend "MARK;" on behalf of themselves and all those similarly situated,

*Plaintiffs*,

v.

DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*,

*Defendants*.

Case No. 1:25-cv-244

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY**

Pursuant to Federal Rule of Civil Procedure 5.2(e), Plaintiffs Barbara, Sarah, Susan, Matthew, and Mark, respectfully request this Court's leave to proceed pseudonymously while they pursue this action.

Plaintiffs Barbara, Sarah, Susan, Matthew, and Mark, filed a complaint for declaratory and injunctive relief on June 27, 2025. ECF No. 1. Plaintiffs are children and parents of current and future children who are or will be denied United States citizenship by Executive Order No. 14,160 entitled "Protecting the Meaning and Value of American Citizenship" ("the Order"). *See* Exec. Order No. 141,160, 90 Fed. Reg. 8499 (Jan. 29, 2025). Several Plaintiffs have faced persecution, and all Plaintiffs face potential retaliation, including but not limited to arrest, imprisonment, and deportation. Any disclosure of personal information could result in further violence and retaliation to Plaintiffs and their party and non-party family members (including minor children). Plaintiffs, therefore, seek approval to proceed pseudonymously.

## INTRODUCTION

Plaintiffs Barbara, Susan, and Mark, all fear for their and their families' safety should their identities and their participation in this lawsuit be made public. Barbara Decl. ¶ 14, ECF No. 5-9, Susan Decl. ¶ 14, ECF No. 5-10; Mark Decl. ¶ 14, ECF No. 5-11. All fear that certain individuals would retaliate against them for participating in this lawsuit. Barbara Decl. ¶ 14; Susan Decl. ¶ 14; Mark Decl. ¶ 14. Plaintiffs' fears are exacerbated by reports of retaliation against individuals who oppose the current Administration. Susan Decl. ¶ 14; Mark Decl. ¶ 14. Barbara's and Susan's families include minor children who are not parties to this lawsuit. *See* Barbara Decl. ¶ 4; Susan Decl. ¶ 4. Barbara is an asylum applicant. Barbara Decl. ¶ 5.

Accordingly, Plaintiffs respectfully ask this Court for permission to proceed pseudonymously to protect their identities from public disclosure. Plaintiffs make this request because they and their party and non-party family members (including minor children) would be placed in increased danger if their identities were publicly disclosed.

## ARGUMENT

### I. LEGAL STANDARD

Parties must generally be identified pursuant to the Federal Rules of Civil Procedure. *See* Fed R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); *see also* LR 5.1(c) ("All filings shall . . . identify the party on whose behalf it is filed."). However, courts have recognized that litigation can proceed pseudonymously in "exceptional cases." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022) (citing *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)).

In *Doe v. Massachusetts Institute of Technology*, the United States Court of Appeals for the First Circuit outlined four categories of such exceptional cases ("*Doe* factors"), two of which

apply to the individual Plaintiffs here.[1] The first applicable category applies to a plaintiff "who reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)." *Doe*, 46 F.4th at 71; *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)) (listing as one factor when deciding to proceed pseudonymously "whether identification poses a risk of retaliatory physical or mental harm to the . . . party"). The second category applies to "cases in which identifying the would-be Doe would harm 'innocent non-parties.'" *Doe*, 46 F.4th at 71 (quoting *Sealed Plaintiff*, 537 F.3d at 238).

## II. PLAINTIFFS SHOULD BE GRANTED LEAVE TO PROCEED UNDER PSEUDONYMS

As an initial matter, Plaintiffs reasonably fear that being identified will cause them unusually severe physical and psychological harm. *See Doe*, 46 F.4th at 71. In *Doe*, the First Circuit recognized that "plaintiffs who 'fear[] extraordinary retaliation, such as deportation, arrest, and imprisonment'" fall under this category. *Id.* (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1071 (9th Cir. 2000)). One Plaintiff is an asylum seeker and therefore faces other forms of unusually severe physical and psychological harm. *See, e.g.*, *MO v. Mayorkas*, No. 23-CV-06609-FPG, 2023 WL 7300960, at *2 (W.D.N.Y. Nov. 6, 2023) ("[D]isclosure of Plaintiff's identity, and consequently that of his family, may reveal to the Turkish government that Plaintiff is seeking asylum in the United States, and heighten potential risk of harm to Plaintiff, Plaintiff's extended family, and Plaintiff's associates who remain in Turkey."); *Doe v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020) ("Doe is seeking relief from

[1] The remaining categories outlined in *Doe v. Massachusetts Institute of Technology* are "cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated" and "suits that are bound up with a prior proceeding made confidential by law." 46 F.4th at 71.

removal to Haiti because he faces risk of harm, persecution, and torture . . . . If his name and this information were made publicly available, it could place him in danger if he ever returns to Haiti."). Underscoring the importance of the privacy interests at stake here, federal law recognizes that information concerning asylum seekers must be protected from disclosure. *See* 8 C.F.R. 208.6, 1208.6 (2025) (protecting information concerning asylum applicants); *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) ("As [the Department of Homeland Security] recognizes, the [asylum] confidentiality regulations are of utmost importance . . . .").

Also, some Plaintiffs in this case are undocumented noncitizens and thus fear retaliation because of their involvement in this case. *See* Order, ECF No. 9, *Doe v. Trump*, No. 1:25-cv-10135-LTS (D. Mass. Jan. 23, 2025) (granting motion to proceed pseudonymously in another case in this Circuit challenging the birthright citizenship Order); *Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3d Cir. 2010) (quotation omitted) ("[T]he Doe Plaintiffs, because of their unlawful status, would face an exponentially greater risk of harassment, and even physical danger, if their identities were revealed."), *vacated on other grounds*, 563 U.S. 1030 (2011).

Additionally, identifying Plaintiffs would impermissibly harm innocent non-parties. *See Doe*, 46 F.4th at 71. The First Circuit explicitly noted that such innocent non-parties included minor children whose parents were bringing suit. *See id.* (citing *Doe v. Eason*, No. 98-2454, 1999 WL 33942103, at *3 (N.D. Tex. Aug. 4, 1999)). In this case, requiring some Plaintiffs to proceed without anonymity would likely lead to disclosure of their non-party, minor children's identities and cause the children substantial harm, such as retaliatory or reputational harm in the future. The foregoing two *Doe* factors weigh heavily in Plaintiffs' favor. As the First Circuit held, a party "make[s] a persuasive showing [for proceeding pseudonymously] when multiple paradigms are implicated." *See id.* at 72; *see also Nat'l Educ. Ass'n v. United States Dep't of Educ.*, No. 25-

cv-091-LM (D.N.H. Apr. 8, 2025) (ECF No. 44) (allowing, with no objection from defendants, motion to seal unredacted declarations revealing names of members of plaintiff teachers union under *Doe* factors).

In addition to these two factors set out by the First Circuit, an additional factor applies to this case. *See Doe*, 46 F.4th at 72 (recognizing that other factors may support pseudonymity because "[c]ivil actions come in a wide variety of shapes and sizes"). Courts in this district have also examined "whether . . . the purely legal nature of the issues presented" create "an atypically weak public interest in knowing the litigant's identities." *Doe v. Town of Lisbon*, No. 1:21-CV-944-JL, 2022 WL 2274785, at *4 (D.N.H. June 23, 2022) (quoting *Megless*, 654 F.3d at 409)). This action deals solely with the legal question of whether the Order is unconstitutional and unlawful. *Cf. Doe v. Weintraub*, No. CV 23-3252-KSM, 2023 WL 7928680, at *4 (E.D. Pa. Nov. 16, 2023) (quotation and citation omitted) ("[T]he Court's analysis will focus primarily on legal questions and application of the law to the undisputed facts. Moreover, even if Plaintiff's actual identity remains confidential, these proceedings will remain public, thereby preserving any general public interest in the subject matter of this litigation. Accordingly, the fourth factor weighs . . . in favor of anonymity."). As a result, the public interest in knowing Plaintiffs' identities is atypically weak.

Plaintiffs have shown that this is an exceptional case that merits proceeding pseudonymously.

**CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that this Court grant them leave to proceed pseudonymously.

Dated: June 27, 2025 Respectfully submitted,

Cody Wofsy*
Hannah Steinberg*
Stephen Kang*
Spencer Amdur*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
cwofsy@aclu.org
hsteinberg@aclu.org
skang@aclu.org
samdur@aclu.org

Morenike Fajana*
Ashley Burrell*
Elizabeth Caldwell*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector St., FL 5,
New York, NY 10006
(212) 217-1690
mfajana@naacpldf.org
aburrell@naacpldf.org
bcaldwell@naacpldf.org

Morgan Humphrey**
Mide Odunsi***
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 249-2193
mhumphrey@naacpldf.org
modunsi@naacpldf.org

Carol Garvan (N.H. Bar. No. 21304)
Zachary L. Heiden*
AMERICAN CIVIL LIBERTIES UNION OF MAINE FOUNDATION
P.O. Box 7860
Portland, Maine 04112
T: (207) 619.8687
cgarvan@aclumaine.org

<u>/s/ *SangYeob Kim*</u>
SangYeob Kim (N.H. Bar No. 266657)
Gilles R. Bissonnette (N.H. Bar. No. 265393)
Henry R. Klementowicz (N.H. Bar. No. 21177)
Chelsea Eddy (N.H. Bar No. 276248)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE
18 Low Avenue
Concord, New Hampshire 03301
T: 603.224.5591
sangyeob@aclu-nh.org
gilles@aclu-nh.org
henry@aclu-nh.org
chelsea@aclu-nh.org

Noor Zafar*
Grace Choi*
Lee Gelernt*
Omar Jadwat*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor New York, NY 10004
T: (212) 549-2660
nzafar@aclu.org
gchoi@aclu.org
lgelernt@aclu.org
ojadwat@aclu.org

Norm Eisen*
Tianna Mays*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, #15180
Washington, D.C. 20003
T: (202) 594-9958
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org

Christopher M. Lapinig*
Kimberly Wei Leung*
Winifred Kao*
ASIAN LAW CAUCUS
55 Columbus Ave

heiden@aclumaine.org

Adriana Lafaille*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza
Suite 850
Boston, MA 02108
T: (617) 482-3170
alafaille@aclum.org

San Francisco, CA 94111
T: (415) 896-1701
christopherl@asianlawcaucus.org
kimberlyl@asianlawcaucus.org
winifredk@asianlawcaucus.org

*Counsel for Plaintiffs*
**Application for admission pro hac vice forthcoming*
***Application for admission pro hac vice forthcoming, admitted to practice law in New Jersey. Not a member of D.C. bar. Supervised by a member of the D.C. Bar.*
****Application for admission pro hac vice forthcoming, admitted to practice law in Illinois. Not a member of the D.C. bar. Supervised by a member of the D.C. Bar.*