FILED - USDC -NH
2025 JUN 27 PM4:22

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| "BARBARA;" "SARAH," by guardian, parent, and next friend "SUSAN;" and "MATTHEW," by guardian, parent, and next friend "MARK;" on behalf of themselves and all those similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*,<br><br>*Defendants.* | Case No. 1:25-cv-244<br><br>[***TO BE PUBLICLY FILED***] |

### PLAINTIFFS' MOTION TO SEAL
### NOTICE OF INTENTION TO PROCEED BY PSEUDONYM

Pursuant to Local Rules 10.1 and 83.12 and Administrative Procedure for Electronic Case Filing 3.3, Plaintiffs request to seal at Level II Plaintiffs' Notice of Intention to Proceed by Pseudonym ("Notice"), as this Notice contains Plaintiffs' real names.

Plaintiffs wish to remain anonymous in public filings with the Court due to their fear of retaliation from federal immigration authorities, as well as of harassment and threats from certain individuals and members of the public, for challenging Executive Order No. 14,160 entitled "Protecting the Meaning and Value of American Citizenship" ("the Order"). Plaintiffs Barbara, Susan, and Mark, all fear for their and their families' safety should their identities and their participation in this lawsuit be made public. Barbara Decl. ¶ 14, ECF No. 5-9, Susan Decl. ¶ 14, ECF No. 5-10; Mark Decl. ¶ 14, ECF No. 5-11. Plaintiffs' fears are exacerbated by reports of retaliation against individuals who oppose the current Administration. Susan Decl. ¶ 14; Mark Decl. ¶ 14. Barbara's and Susan's families include minor children who are not parties to this

lawsuit. *See* Barbara Decl. ¶ 4; Susan Decl. ¶ 4. Barbara is an asylum applicant. Barbara Decl. ¶ 5.

Plaintiffs have filed a motion to proceed under pseudonyms. *See* ECF No. 7. As explained below, the same legal standard governs this motion to file under seal at Level II Plaintiffs' Notice that contains Plaintiffs' legal names. Plaintiffs have publicly filed declarations that do not identify them by name and, instead, use pseudonyms in place of Plaintiffs' legal names. *See* ECF Nos. 5-9, 5-10, 5-11.

Plaintiffs request sealing at Level II, meaning that the Notice "may be reviewed only by the filer . . . ." *See* L.R. 83.12(b)(2). Should the Court grant Plaintiffs' motion to seal and motion to proceed under a pseudonym—and upon the entry of an agreed-upon protective order governing Defendants' handling of the information contained in this Notice—Plaintiffs anticipate that the sealing of this Notice could be shifted to Level I under Local Rule 83.12(b)(1) pursuant to any protective order's terms, thereby giving Defendants' counsel access to this Notice and Plaintiffs' identities consistent with Local Rule 10.1(c)'s provisions.

The Notice will be conventionally filed in person, provisionally under seal under Local Rule 83.12(d). Pursuant to Local Rule 83.12(c)(4) requiring Plaintiffs to inform the Court whether they "seek[] to seal the motion to seal and/or all related docket text entries," Plaintiffs do *not* ask that this Motion be sealed. Plaintiffs have no objection, upon sealing, to a separate docket entry being entered that states "Notice of Intention to Proceed by Pseudonym. Filed Under Seal," and Plaintiffs will contemporaneously file a notice of conventional filing reflecting the provisionally-sealed filing of this Notice.

## I.    LEGAL STANDARD

As other courts of appeals have done,[1] the First Circuit has recently articulated a framework for assessing whether a party may litigate a case using a pseudonym. *See Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 72 (1st Cir. 2022) ("*MIT*"); *Doe v. Town of Lisbon*, 78 F.4th 38 (1st Cir. 2023) (applying *MIT* standard to affirm denial of motion to unseal and reveal name of pseudonymous litigant). The *MIT* court recognized that a district court "enjoys broad discretion to quantify the need for anonymity in the case before it" and to make the "ultimate determination as to whether that need outweighs the public's transparency interest." 46 F.4th at 67, 72. The court stressed that, when exercising this broad discretion, a "district court . . . should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account." *Id.* at 72.

As to the circumstances that are relevant to this balancing, the *MIT* court offered four general scenarios "in which party anonymity ordinarily will be warranted," namely cases in which (1) the party "reasonably fears" that disclosure of their name will result in "unusually severe physical or mental harm"; (2) disclosure of the party's name will likely lead to disclosure of a nonparty's identity, with consequent harm to such an "innocent" non-party; (3) "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated"; and (4) the lawsuit is bound up with a prior proceeding subject by law to confidentiality protections. *Id.* at 71.

The court hastened to add that these four "paradigm[atic]" categories do not "capture the entire universe of cases in which pseudonymity may be appropriate" but instead "are rough cuts"

---

[1] *See, e.g., In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008); *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

and that "a party whose case for pseudonymity appears weak when each paradigm is analyzed separately may nonetheless make a persuasive showing when multiple paradigms are implicated." *Id.* at 72.  Indeed, the court's reasoning makes clear that it advertently chose against attempting to establish a comprehensive list of relevant factors precisely "[b]ecause the problem is complex and the cases are not all cut from the same cloth," making it "inevitable" that courts will have to weigh, from a multitude of potentially relevant factors, those that are relevant to the cases before them. *Id.* at 70 (quoting *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019), for the proposition that a "precise list of factors matters less than whether court took proper account of 'the factors relevant to the case before it' that 'inform the ultimate balancing of the public and private interests at stake'").  Because "the appropriate test must center on the totality of the circumstances," the court stressed that "[i]n the last analysis, district courts enjoy broad discretion to identify the relevant circumstances in each case and to strike the appropriate balance between the public and private interests." *Id.*

## II.    ARGUMENT

Pursuant to Local Rule 83.12(c)(2) requiring Plaintiffs to provide "the factual and legal basis to justify sealing the filing," sealing is justified here.  As further explained in Plaintiffs' motion to proceed under pseudonyms, the foregoing standard has been met to justify the submission of anonymous declarations.

The totality of the relevant circumstances here militates decisively in favor of allowing Plaintiffs to proceed pseudonymously.  Plaintiffs have well founded fears of suffering serious harms—retaliation by federal immigration authorities and harassment by certain individuals and members of the public—if they are identified by name in support of litigation opposing this administration's campaign to end birthright citizenship.  *See Doe v. United States Sec'y of State*,

4

707 F. Supp. 3d 142, 144 (D.N.H. 2023) (applying the *MIT* factors, holding that "Doe reasonably fears that disclosure of his identity in this action will cause him severe physical and psychological harm"). At the same time, there is both no appreciable public interest to be served by publicly naming these Plaintiffs and no prejudice to Defendants that could arise from preventing disclosure of the Plaintiffs' names in public filings with the court.

### A.    Plaintiffs Reasonably Fear Serious Harms if Their Identities Are Revealed in Public Filings

Plaintiffs reasonably fear that being identified will cause them and their family members unusually severe physical and psychological harm. In *MIT*, the First Circuit recognized that "plaintiffs who 'fear[] extraordinary retaliation, such as deportation, arrest, and imprisonment'" fall under this category. 46 F.4th at 71 (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1071 (9th Cir. 2000)). One Plaintiff is an asylum seeker and therefore faces other forms of unusually severe physical and psychological harm. *See, e.g.*, *MO v. Mayorkas*, No. 23-CV-06609-FPG, 2023 WL 7300960, at *2 (W.D.N.Y. Nov. 6, 2023) ("[D]isclosure of Plaintiff's identity, and consequently that of his family, may reveal to the Turkish government that Plaintiff is seeking asylum in the United States, and heighten potential risk of harm to Plaintiff, Plaintiff's extended family, and Plaintiff's associates who remain in Turkey."); *Doe v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020) ("Doe is seeking relief from removal to Haiti because he faces risk of harm, persecution, and torture . . . . If his name and this information were made publicly available, it could place him in danger if he ever returns to Haiti."). Underscoring the importance of the privacy interests at stake here, federal law recognizes that information concerning asylum seekers must be protected from disclosure. *See* 8 C.F.R. 208.6, 1208.6 (2025) (protecting information concerning asylum applicants); *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) ("As [the Department of Homeland Security] recognizes, the [asylum] confidentiality regulations are of

5

utmost importance . . . .").

Moreover, some Plaintiffs in this case are undocumented noncitizens and thus fear retaliation because of their involvement in this case. *See Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3d Cir. 2010) (quotation omitted) ("[T]he Doe Plaintiffs, because of their unlawful status, would face an exponentially greater risk of harassment, and even physical danger, if their identities were revealed."), *vacated on other grounds*, 563 U.S. 1030 (2011); Order, *Doe v. Trump*, No. 1:25-cv-10135 (D. Mass. Jan. 23, 2025) (granting motion to proceed pseudonymously in another birthright citizenship case).

Finally, identifying Plaintiffs would impermissibly harm innocent non-parties. *See MIT*, 46 F.4th at 71. The First Circuit explicitly noted that such innocent non-parties included minor children whose parents were bringing suit. *See id.* (citing *Doe v. Eason*, No. 98-2454, 1999 WL 33942103, at *3 (N.D. Tex. Aug. 4, 1999)). In this case, requiring some Plaintiffs to proceed without anonymity would likely lead to disclosure of their non-party, minor children's identities and cause the children substantial harm, such as retaliatory or reputational harm in the future.

In sum, the foregoing shows that the fears of retaliation, harassment, and physical and psychological harm articulated by Plaintiffs if they are identified by name in public court filings in this case are eminently reasonable and well founded. This conclusion places their request to proceed pseudonymously squarely within the *MIT* court's first two paradigmatic scenarios in which party anonymity ordinarily will be warranted. As the First Circuit held, a party "make[s] a persuasive showing [for proceeding pseudonymously] when multiple paradigms are implicated." *See id.* at 72; *see also Nat'l Educ. Ass'n v. United States Dep't of Educ.*, No. 25-cv-091-LM (D.N.H. Apr. 8, 2025) (ECF No. 44) (allowing, with no objection from defendants, motion to seal

6

unredacted declarations revealing names of members of plaintiff teachers union under *Doe* factors).

**B.**    **No Appreciable Public Interest Would Be Served by Naming Plaintiffs and no Prejudice to the Defendants Could Arise from Preventing Disclosure of Plaintiffs' Names in Public Filings with the Court.**

On the other side of the balance, there is neither any appreciable public interest in compelling disclosure of Plaintiffs' names nor any prejudice to the Defendants from Plaintiffs' proceeding under pseudonyms.

As to the former, there is a "weak public interest in knowing the litigant's identities" where, as here, the case raises issues of a "purely legal nature." *Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011). This action deals solely with the legal question of whether the Order is unconstitutional and unlawful. *Cf. Doe v. Weintraub*, No. CV 23-3252-KSM, 2023 WL 7928680, at *4 (E.D. Pa. Nov. 16, 2023) (quotation and citation omitted) ("[T]he Court's analysis will focus primarily on legal questions and application of the law to the undisputed facts. Moreover, even if Plaintiff's actual identity remains confidential, these proceedings will remain public, thereby preserving any general public interest in the subject matter of this litigation. Accordingly, the fourth factor weighs . . . in favor of anonymity."). As a result, the public interest in knowing Plaintiffs' identities is atypically weak.

Moreover, given Plaintiffs' well-founded fears of retaliation, harassment, and physical and psychological harm if their names were to be publicly disclosed, there is a public interest *favoring* anonymity here: inasmuch as the *MIT* court recognized that anonymity is apt to be warranted when "necessary to forestall a chilling effect on" other potential litigants, 46 F.4th at 71, it is very much to the point that, for all the reasons adduced in Part II.A. above, not only Plaintiffs but other similarly situated plaintiffs would almost certainly be deterred from bringing challenges to this

administration's policies if doing so meant that their identities must be made part of the public record.

Nor will the anonymous filing of Plaintiffs' Notice interfere with this court's administrative need to check for potential conflicts of interest, as Plaintiffs filed the names of the declarants provisionally under seal under Local Rule 83.12(d)—just as the *MIT* decision requires. *See* 46 F.4th at 77 (noting that "courts tasked with resolving pseudonymity motions must be afforded the anonymous party's true name under seal" and that district courts may make provision for this requirement "either formally (by adoption of a local rule or a publicly available operating procedure) or informally (by apprising counsel, on an ad hoc basis, of the need to submit the anonymous party's name, under seal, to the court)").

Finally, the Defendants face no prejudice by reason of Plaintiffs' proceeding anonymously. The presumption against anonymity is weaker in cases against the government, as they "involve no injury to the Government's 'reputation,'" as opposed to claims against private parties, "the mere filing [of which] may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). In any event, should the Court grant Plaintiffs' motion to seal and motion to proceed under a pseudonym—and upon the entry of an agreed-upon protective order governing Defendants' handling of the information contained in this Notice—Plaintiffs anticipate that the sealing of this Notice could be shifted to Level I under Local Rule 83.12(b)(1) pursuant to any protective order's terms, thereby giving Defendants' counsel access to this Notice and Plaintiffs' identities consistent with Local Rule's 10.1(c) provisions.

8

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the that the Court seal at Level II Plaintiffs' Notice of Intention to Proceed by Pseudonym that contains Plaintiffs' real names.

## CERTIFICATE OF CONCURRENCE

Pursuant to Local Rule 7.1(c), undersigned counsel for Plaintiffs certify that Plaintiffs have made a good faith attempt to obtain concurrence in the relief sought. Plaintiffs sought concurrence on June 27, 2025, and Defendants have not yet provided a position at the time of filing.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Seal at Level II Plaintiffs' Notice of Intention to Proceed by Pseudonym; and

(b) Grant all other relief that it deems just and equitable.

Dated: June 27, 2025

Cody Wofsy*
Hannah Steinberg*
Stephen Kang*
Spencer Amdur*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION IMMIGRANTS' RIGHTS
PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
cwofsy@aclu.org
hsteinberg@aclu.org
skang@aclu.org
samdur@aclu.org

Morenike Fajana*
Ashley Burrell*
Elizabeth Caldwell*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.

Respectfully submitted,

*/s/ SangYeob Kim*
SangYeob Kim (N.H. Bar No. 266657)
Gilles R. Bissonnette (N.H. Bar. No.
265393)
Henry R. Klementowicz (N.H. Bar. No.
21177)
Chelsea Eddy (N.H. Bar No.
276248)
AMERICAN CIVIL LIBERTIES UNION
OF NEW HAMPSHIRE
18 Low Avenue
Concord, New Hampshire 03301
T: 603.224.5591
sangyeob@aclu-nh.org
gilles@aclu-nh.org
henry@aclu-nh.org
chelsea@aclu-nh.org

Noor Zafar*
Grace Choi*
Lee Gelernt*

9

40 Rector St., FL 5, New
York, NY 10006
(212) 217-1690
mfajana@naacpldf.org
aburrell@naacpldf.org bcaldwell@naacpldf.org

Morgan Humphrey**
Mide Odunsi***
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 249-2193
mhumphrey@naacpldf.org
modunsi@naacpldf.org

Carol Garvan (N.H. Bar. No. 21304)
Zachary L. Heiden*
AMERICAN CIVIL LIBERTIES UNION OF MAINE
FOUNDATION
P.O. Box 7860
Portland, Maine 04112
T: (207) 619.8687
cgarvan@aclumaine.org heiden@aclumaine.org

Adriana Lafaille*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza
Suite 850
Boston, MA 02108
T: (617) 482-3170
alafaille@aclum.org

Omar Jadwat*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION IMMIGRANTS' RIGHTS
PROJECT
125 Broad St., 18th Floor New
York, NY 10004
T: (212) 549-2660
nzafar@aclu.org
gchoi@aclu.org
lgelernt@aclu.org
ojadwat@aclu.org

Norm Eisen*
Tianna Mays*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, #15180
Washington, D.C. 20003
T: (202) 594-9958
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org

Christopher M. Lapinig*
Kimberly Wei Leung*
Winifred Kao*
ASIAN LAW CAUCUS
55 Columbus Ave
San Francisco, CA 94111
T: (415) 896-1701
christopherl@asianlawcaucus.org
kimberlyl@asianlawcaucus.org
winifredk@asianlawcaucus.org

*Counsel for Plaintiffs*
*\*Application for admission pro hac vice*
*forthcoming*
*\*\*Application for admission pro hac*
*vice forthcoming, admitted to practice law in*
*New Jersey. Not a member of D.C. bar.*
*Supervised by a member of the D.C. Bar.*
*\*\*\*Application for admission pro hac*
*vice forthcoming, admitted to practice law*
*in Illinois. Not a member of the D.C. bar.*
*Supervised by a member of the D.C. Bar.*