IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| "BARBARA;" "SARAH," by guardian, parent, and next friend "SUSAN;" and "MATTHEW," by guardian, parent, and next friend "MARK;" on behalf of themselves and all those similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-244 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

This Court has already held that Executive Order No. 14,160 ("the Order") violates the Citizenship Clause and the birthright citizenship statute, 8 U.S.C. § 1401. And the Supreme Court has since indicated that a class action is the proper vehicle for seeking broad relief. *See Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631, at *9-10 (U.S. June 27, 2025). The Court should now certify the proposed class and grant class-wide preliminary relief. Defendants contest commonality, typicality, and adequacy of the class representatives, pointing to potential differences in class members' domicile. But this Court has already held domicile is irrelevant to citizenship, and Plaintiffs straightforwardly satisfy each of the Rule 23 factors. Nor is there anything novel in Plaintiffs' request to certify a nationwide class. As for Defendants' requests for delay, there will be ample time down the road for discovery (if warranted), but tens of thousands of babies and their parents may be exposed to the Order's myriad harms in just weeks and need an injunction now.

**ARGUMENT**

**I.      CLASS CERTIFICATION IS APPROPRIATE AT THIS JUNCTURE.**

Defendants contend that Plaintiffs' request to certify a class now would "short-circuit th[e] normal course of events." Opp. 8. But Courts routinely grant certification in conjunction with a preliminary injunction. *See* Prelim. Inj. Mot. at 3 (collecting cases); *Da Graca v. Souza*, 991 F.3d 60, 62 (1st Cir. 2021). And such certification is regularly granted in all kinds of cases—not just "*sui generis*" COVID-19 litigation. Opp. 8; *see, e.g.*, *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (debt collection case, holding court had "authority to certify a provisional class" alongside preliminary injunction, rejecting reliance on the word "final" in Rule

1

23(b)(2)).[1]  Nor is there anything magical about the term "provisional": Even nominally final certification decisions "depend on initial prediction and are always subject to revision[]" until final judgment.  *Tardiff v. Knox Cnty.*, 365 F.3d 1, 6 (1st Cir. 2004); *see Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 988 (11th Cir. 2016) ("the certification of a class is always provisional"); Fed. R. Civ. P. 23(c)(1)(C); David Marcus, *The Class Action After* Trump v. Casa, 73 UCLA L. Rev. Discourse (forthcoming 2025) (manuscript at 12 & n.76), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=5341543.

As the Court noted at the last hearing, even in the absence of certified classes, "courts may issue temporary relief to a putative class[.]" *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025). Defendants argue such relief without certification requires "particularly exigent circumstances," Opp. 8, but cite no authority for that asserted limitation, *see* 2 Newberg and Rubenstein on Class Actions § 4:30 (6th ed.) (indicating no such rule).  In any event, here the best path forward is certification: The issue is fully briefed and, as explained below, Defendants raise no meritorious objections, so the Court may decide certification now (subject to any future reconsideration).

Defendants argue, however, that class certification and relief is "premature" because other courts are considering the impact of *CASA* on the existing injunctions.  Opp. 15.  But the Order is set to take effect in just a few weeks, and the putative class has no assurances that it will be

---

[1] *See also, e.g.*, *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 812 (D.C. Cir. 2024) (visa adjudications, noting provisional certification); *Al Otro Lado v. Wolf*, 952 F.3d 999, 1005 n.4 (9th Cir. 2020) (border asylum rule, government not contesting "provisional certification of the class for purposes of the preliminary injunction"); *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869 (5th Cir. 2000) (Title IX, vacating decision to decertify provisional class); *Milonas v. Williams*, 691 F.2d 931, 934 (10th Cir. 1982) (Rehabilitation Act, noting provisional certification); *Fla. Immigrant Coal. v. Uthmeier*, No. 25-21524-CV, --- F. Supp. 3d ----, 2025 WL 1423357 (S.D. Fla. Apr. 29, 2025) (state immigration crime, provisional certification).  Defendants point to *Bosque v. Wells Fargo Bank*, but there the Court deferred class certification only because of a factual dispute about numerosity—a factor Defendants do not contest here.  762 F. Supp. 2d 342, 355 (D. Mass. 2011).  Defendants' other cases, Opp. 8, 12, are inapposite damages suits.

2

protected by any of the existing injunctions. Indeed, the Supreme Court granted the government's stay application, and it is safe to assume Defendants will argue for those injunctions to be narrowed to the greatest extent possible. Time is of the essence, and there is no reason to delay.[2]

## II. PLAINTIFFS SATISFY THE REQUIREMENTS OF RULE 23.

Defendants do not dispute that the putative class satisfies numerosity and the adequacy of counsel. Instead, they contest various Rule 23 requirements—commonality, typicality, and appropriateness of a Rule 23(b)(2) class—by arguing that class members may vary in their domiciles. Opp 10-12. But Plaintiffs' "common contention" at the heart of this dispute, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), is that the Fourteenth Amendment (and the birthright statute) affords citizenship to all children born in the United States, subject only to the exceptions enumerated in *Wong Kim Ark*—and thus that domicile is irrelevant. Defendants cannot defeat class certification by identifying immaterial factual distinctions among class members. To the contrary, this is a classic Rule 23(b)(2) case. *See* Marcus, *supra*.

1. Defendants' primary argument goes like this: *If* Defendants prevail on their argument that domicile is required for citizenship—a dubious assumption, *see* Prelim. Inj. Mot. 1–2—and if they simultaneously *lose* on their argument that all class members are domiciled abroad, then the citizenship of class members might vary depending on whether they are domiciled in this country. *See* Opp. 10 (arguing about what would occur "if a court were to accept Defendants' first premise . . . and not their second"). Defendants' commonality, typicality, and Rule 23(b)(2) argument is, therefore, that class certification can be defeated by a hypothetical legal position that is neither

---

[2] Defendants cite Judge Coughenour's decision to defer class certification in the Washington litigation. Opp. 16. But Judge Coughenour issued one of the nationwide injunctions subject to the Supreme Court's stay order, and the Plaintiff States have moved to remand the question of that injunction's scope back to him. *See Washington v. Trump*, ECF No. 146, No. 25-807 (9th Cir. July 4, 2025). This Court faces no such complications to proceeding with certification.

3

Plaintiffs' theory of the merits, nor Defendants' own theory, nor the assessment of any judge to have examined the Order.  That is not at all how class certification works.

Commonality, for example, requires only "a common contention" that "is capable of classwide resolution." *Dukes*, 564 U.S. at 350.  Here, the contention that domicile is irrelevant to citizenship is plainly amenable to class-wide resolution.  And if plaintiffs are correct about it—as this (and every other) Court has already held, Prelim. Inj. Mot. 1—then any differences in domicile among the class are simply beside the point, *see, e.g.*, *Kenneth R. ex rel. Tri-Cnty. CAP, Inc./GS v. Hassan*, 293 F.R.D. 254, 267-70 (D.N.H. 2013) (finding commonality notwithstanding myriad differences between individual circumstances of class members); *Parsons v. Ryan*, 754 F.3d 657, 675-76 (9th Cir. 2014) (similar, rejecting argument that claims were inherently fact-specific).[3]  Indeed, even under Defendants' own view, *see* Opp. 10, and the terms of the Order itself, none of their claimed distinctions make any difference at all.

Likewise, typicality is easily satisfied here.  Typicality focuses on "the claims" brought, and here the class representatives' claims "arise from the same [Order] that gives rise to the claims of other class members, and are based on the same legal theory." *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009) (cleaned up).  Defendants point to factual differences among class members, but those differences are immaterial to Plaintiffs' claims. *See* 1 Newberg and Rubenstein on Class Actions § 3:34 (6th ed.).  In any event, Plaintiffs' claims take square aim at "the same conduct by the defendant" against each class member. *Hawkins ex rel. Hawkins v. Comm'r of New Hampshire Dep't of Health & Human Servs.*, No. CIV. 99-143-JD, 2004 WL 166722, at *3 (D.N.H. Jan. 23, 2004).  That is enough for typicality. *See Garcia-Rubiera*, 570 F.3d at 460 (requirement

---

[3] The Rule requires only a single common contention, either factual or legal. *See* 1 Newberg and Rubenstein on Class Actions § 3:21 (6th ed.).  Here there are many.  Class Cert. Mot. 7.

4

"easily met" where class was subject to same law over course of 10 years); *see also Postawko v. Missouri Dep't of Corrections*, 910 F.3d 1030, 1039 (8th Cir. 2018) ("[f]actual variations in the individual claims will not normally preclude class certification" where they challenge the same "course of conduct as the class claims" under "the same legal . . . theory" (cleaned up)).

Defendants' argument about Rule 23(b)(2) fails for similar reasons. Defendants have "acted . . . on grounds that apply generally to the class"—namely the Order—and "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) applies . . . when a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360-61 (contrasting cases requiring individualized injunctions or money damages awards). That is precisely what Plaintiffs have sought: An injunction and declaration that the Order is entirely illegal. Indeed, this kind of civil rights claim is a "prime example[]" of a Rule 23(b)(2) case. *Id*. at 361 (cleaned up).

Defendants' contrary arguments ignore these settled principles. Instead, they propose that if they can identify some difference among class members—which *might* matter *if* Defendants prevail on one (but not both) of their merits arguments—then they can apply this unlawful order to thousands of children without redress. But they cite no case to support that radical view. *See* Marcus, *supra* at 10, 13 & nn. 83-87 (surveying caselaw and concluding "*no precedent exists*" to undermine certification here). To the contrary, courts routinely reject the idea that "class certification is proper only when the class is sure to prevail on the merits." *Schleicher v. Wendt*, 618 F.3d 679, 685 (7th Cir. 2010) (explaining that "[t]he possibility that individual hearings will be required for some plaintiffs . . . does not preclude certification"); *see also Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage."). And, more

5

generally, "the government's dogged focus on the factual differences among the class members appears to demonstrate a fundamental misunderstanding of the rule." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) ("Although common issues must predominate for class certification under Rule 23(b)(3), no such requirement exists under 23(b)(2)."); *see also Donovan v. Philip Morris USA, Inc.*, 268 F.R.D. 1, 11 (D. Mass. 2010) (similar).[4]

Relatedly, Defendants (again invoking domicile) suggest that the class representatives "will necessarily have an interest in making only arguments that cover them." Opp. 13. That is likewise unpersuasive; as already explained, Plaintiffs' claims benefit the entire class. Mere speculation falls far short of showing "adequacy-defeating conflicts of interest, such as differences in the type of relief sought, a theory of law or fact that benefits some class members, but harms others, or a scenario where some class members benefit from the defendant's conduct." *Curtis v. Scholarship Storage*, No. 2:14-CV-303-NT, 2016 WL 308779, at *3 (D. Me. Jan. 25, 2016); *see also* 1 Newberg and Rubenstein on Class Actions § 3:55 (6th ed.) ("courts tend to resolve" any doubts about potential conflicts "in favor of certifying the class, subject to possible reconsideration later").

Ultimately, Defendants seek delay, arguing that discovery into the class representatives' domicile is necessary. Opp. 12. But Plaintiffs' declarations readily establish that their children will be subject to the Order, and, as explained above, issues of domicile are immaterial to class certification. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (cited by Defendants) ("Sometimes the [class] issues are plain enough from the pleadings . . ."). Moreover, Defendants certainly have not identified any factual dispute bearing on certification that *discovery* would help resolve. *Cf. Bosque*, 762 F. Supp. 2d at 355 (cited by Defendants) (dueling numerosity evidence).

---

[4] Should the Court find any of the factual differences relevant, it can certify subclasses—either now or in later proceedings. *See Donovan*, 268 F.R.D. at 17.

In any event, even if the Court thinks discovery may be warranted at some future date, it may permit such discovery while the class is certified and protected by a preliminary injunction, and reconsider certification any time up until final judgment if warranted. *Tardiff*, 365 F.3d at 6.

    2. Apart from these issues related to domicile, Defendants assert just two Rule 23 arguments, neither of which has merit. Defendants first object that the class representatives are proceeding pseudonymously and so "members of the class will not be able to evaluate whether the named class representatives actually represent the class's interests." Opp. 14. But they rely on Rule 23(b)(3) class cases, which allow class members to opt out, *see Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013); in that context, members may have an interest in assessing "whether they wish to participate in the action," *Rapuano v. Trs. of Dartmouth Coll.*, 334 F.R.D. 637, 649 (D.N.H. 2020) (both cited by Defendants). The analysis is quite different in a Rule 23(b)(2) challenge: If plaintiffs satisfy the Court that they are adequate, absent class members have no decisions to make nor need for information about class representatives' identities. As such, while being a class representative may be a factor against pseudonymity in some damages cases, *see* Opp. 14 (citing such cases), "[i]n putative class actions raising constitutional challenges," such as this one, "Plaintiffs' status as putative class representatives strengthens their argument for proceeding under pseudonyms[]" because "[t]he public interest is not being able to identify any one Plaintiff, but in being able to follow the case to determine how the constitutional issues are resolved." *Doe v. City of Apple Valley*, 2020 WL 1061442, at *3 (D. Minn. Mar. 5, 2020) (quotation omitted); *see also Does v. City of Indianapolis*, 2006 WL 2289187, at *3 (S.D. Ind. Aug. 7, 2006) (same); *Fla. Immigrant Coal*, 2025 WL 1423357 (pseudonymous representatives).[5]

---

[5] Should the Court have concerns in this regard, the appropriate alternative would not be to deny class certification, as Defendants urge, but rather to provide for a process to "allow[]

7

Finally, Defendants wrongly argue that the Court cannot certify a class that includes future persons because they "lack either standing or capacity to sue." Opp. 15. In a Rule 23(b)(2) case, the fact that a policy will continue to harm a constantly increasing group of individuals is relevant to the numerosity factor. *See Reid v. Donelan*, 297 F.R.D. 185, 189 (D. Mass.), *enforcement granted*, 64 F. Supp. 3d 271 (D. Mass. 2014). Accordingly, courts routinely certify classes including future members.[6] Such "inclusion of future class members in a class is not itself unusual or objectionable, because when the future persons referenced become members of the class, their claims will necessarily be ripe." *A.B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 838 (9th Cir. 2022); *Honorable v. Easy Life Real Est. Sys., Inc.*, 182 F.R.D. 553, 559 (N.D. Ill. 1998) ("if the class, which includes future members, satisfies all the requirements for certification, the case may proceed as a class action").[7] As children are born, they will be protected by any class-wide injunction, and will have standing and capacity to sue—as Defendants concede.[8]

## III.  NATIONWIDE CLASS CERTIFICATION IS PROPER.

Defendants contend that the Court should not certify a *nationwide* class. Opp. 16-17. But "[n]othing in Rule 23 . . . limits the geographical scope of a class action that is brought in

---

putative class members to gain confidential access to [the class representatives'] identities" subject to an appropriate protective order. *Rapuano*, 334 F.R.D. at 649.

[6] *See, e.g.*, *Elisa W. v. City of New York*, 82 F.4th 115, 119 (2d Cir. 2023); *B.K. v. Snyder*, 922 F.3d 957, 963 (9th Cir. 2019); *M.D. v. Abbott*, 907 F.3d 237, 246 (5th Cir. 2018); *Briggs v. Mass. Dep't of Corr.*, No. CV 15-40162-GAO, 2021 WL 3711406, at *1 (D. Mass. Aug. 20, 2021); *Braggs v. Dunn*, 317 F.R.D. 634, 653 (M.D. Ala. 2016) (collecting cases); *Lanning v. Se. Pennsylvania Transp. Auth.*, 176 F.R.D. 132, 148 (E.D. Pa. 1997).

[7] Members of a class "must have Article III standing *in order to recover individual damages*." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (emphasis added) (cited by Defendants). This case involves no damages claim. *See Hyland v. Navient Corp.*, 48 F.4th 110, 117-18 & n.1 (2d Cir. 2022) (absent class members need not demonstrate standing). *McLaughlin Chiropractic Associates v. McKesson Corporation* is even further afield, as it did not address class actions at all. 2025 WL 1716136, at *8 n.5 (U.S. June 20, 2025) (cited by Defendants).

[8] To the extent the Court has concerns about this or other aspects of the class definition, it may amend the definition in its certification order. *See, e.g.*, *Campbell v. First Am. Title Ins. Co.*, 269 F.R.D. 68, 74 (D. Me. 2010) (cited by Defendants).

8

conformity with that Rule. . . . Nor is a nationwide class inconsistent with principles of equity jurisprudence, since the scope of injunctive relief is dictated by the extent of the violation established, not by the geographical extent of the plaintiff class." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (cited by Defendants); *see CASA*, 2025 WL 1773631, at *19 (Kavanaugh, J., concurring). Indeed, this Court has found that Rule 23 is satisfied in other nationwide class actions. *See NHICS*, ECF No. 91 at 17; *Levy v. Gutierrez*, 448 F. Supp. 3d 46, 72 (D.N.H. 2019).

Defendants urge that a nationwide class is not "necessary" here, Opp. 17, but that assertion rings hollow. After obtaining a Supreme Court stay (premised in part on the availability of class remedies, *CASA*, 2025 WL 1773631, at *10), Defendants now seek to apply this patently unconstitutional Order to thousands of children throughout the country in just a few weeks. Defendants' suggestion of a New Hampshire class, Opp. 17, ignores the nationwide harm and that two of the three class representative families live outside of this district. "Any geographic limitation of the class would be entirely arbitrary." *Huashan Zhang v. U.S. Citizenship & Immigr. Servs.*, 344 F. Supp. 3d 32, 64 (D.D.C. 2018), *aff'd,* 978 F.3d 1314 (D.C. Cir. 2020).

Defendants contend that certifying a nationwide class would "disrupt" the other challenges and "potentially create conflicts." Opp. 17-18. But the other cases brought on behalf of organizations and States will presumably continue regardless of a nationwide class certification order here. *See* 3 Newberg and Rubenstein on Class Actions § 10:33 (6th ed.) ("[N]either the filing of a class action nor even the grant of a class certification motion has any formal effect on litigation elsewhere."); *Planned Parenthood of Maryland, Inc. v. Azar*, No. CV CCB-20-00361, 2020 WL 3893241, at *7 (D. Md. July 10, 2020). Thus, the merits may "continue to percolate" even after a class-wide injunction, Opp. 17—but without forcing a multiplicity of redundant litigation in every district in the country. In any event, further developments in other cases seem unlikely to create

conflicting opinions, as every court to have considered the merits has held the Order unlawful. *See* Prelim. Inj. Mot. 1. And nothing precludes a plaintiff from benefitting from multiple injunctions.

## IV. THE COURT SHOULD ISSUE A PRELIMINARY INJUNCTION.

The Court should grant a class-wide preliminary injunction. Most of Defendants' arguments (at 18-19) reprise issues already rejected by this court. *NHICS*, 765 F. Supp. 3d 102, 108-09 (D.N.H. 2025). As for standing and irreparable injury, it is enough that the Order will deny citizenship to the infant class members and expose them to arrest and deportation—whether that happens in three weeks or three months. *See CASA*, 2025 WL 1773631, at *4 n.2 ("The Government does not dispute—*nor could it*—that the individual plaintiffs have standing to sue.") (emphasis added). In any event, the class representatives also face denial of passports and early-life health and nutrition services. *See* Exs. A-C, Suppl Decls. of Barbara, Susan, and Mark; Opp. 13, 18-19.

For all the foregoing reasons, the Court should grant a preliminary injunction, and deny a stay and an administrative stay. *CASA* does not suggest otherwise; indeed, it emphasized class relief as the proper path forward. 2025 WL 1773631, at *10. Finally, the Court should require only a nominal bond of $1.[9]

## CONCLUSION

This Court should certify a nationwide class and enjoin the Order class-wide.

---

[9] *See, e.g., Khalil v. Trump*, __ F. Supp. 3d ___, 2025 WL 1649197, at *7 (D.N.J. June 11, 2025) ($1 bond); *A.S.R. v. Trump*, __ F. Supp. 3d ___, 2025 WL 1378784, at *23 (W.D. Pa. May 13, 2025) (same). "[T]he provisions of Rule 65(c) are not mandatory and a district court retains substantial discretion to dictate the terms of an injunction bond." *Int'l Assoc. of Machinists and Aerospace Workers v. E. Airlines*, 925 F.2d 6, 9 (1st Cir. 1991). "[N]o bond is required in suits to enforce important federal rights or public interests." *See Crowley v. Local No. 82, Furniture & Piano Moving*, 679 F.2d 978, 1000 (1st Cir. 1982) (collecting cases) (cleaned up), *rev'd on other grounds*, 467 U.S. 526 (1984).

Dated: July 7, 2025

SangYeob Kim (N.H. Bar No. 266657)
Gilles R. Bissonnette (N.H. Bar. No. 265393)
Henry R. Klementowicz (N.H. Bar. No. 21177)
Chelsea Eddy (N.H. Bar No. 276248)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE
18 Low Avenue
Concord, New Hampshire 03301
T: 603.224.5591
sangyeob@aclu-nh.org
gilles@aclu-nh.org
henry@aclu-nh.org
chelsea@aclu-nh.org

Morenike Fajana*
Ashley Burrell*
Elizabeth Caldwell*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector St., FL 5,
New York, NY 10006
(212) 217-1690
mfajana@naacpldf.org
aburrell@naacpldf.org
bcaldwell@naacpldf.org

Morgan Humphrey**
Mide Odunsi***
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 249-2193
mhumphrey@naacpldf.org
modunsi@naacpldf.org

Carol Garvan (N.H. Bar. No. 21304)
Zachary L. Heiden*
AMERICAN CIVIL LIBERTIES UNION OF MAINE FOUNDATION
P.O. Box 7860
Portland, Maine 04112

Respectfully submitted,

/s/ *Cody Wofsy*
Cody Wofsy*
Hannah Steinberg*
Stephen Kang*
Spencer Amdur*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
cwofsy@aclu.org
hsteinberg@aclu.org
skang@aclu.org
samdur@aclu.org

Noor Zafar*
Grace Choi*
Lee Gelernt*
Omar Jadwat*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor New York, NY 10004
T: (212) 549-2660
nzafar@aclu.org
gchoi@aclu.org
lgelernt@aclu.org
ojadwat@aclu.org

Norm Eisen*
Tianna Mays*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, #15180
Washington, D.C. 20003
T: (202) 594-9958
norman@statedemocracydefenders.org
tianna@statedemocracydefenders.org

Christopher M. Lapinig*
Kimberly Wei Leung*
Winifred Kao*
ASIAN LAW CAUCUS

11

T: (207) 619.8687
cgarvan@aclumaine.org
heiden@aclumaine.org

Adriana Lafaille*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza
Suite 850
Boston, MA 02108
T: (617) 482-3170
alafaille@aclum.org

55 Columbus Ave
San Francisco, CA 94111
T: (415) 896-1701
christopherl@asianlawcaucus.org
kimberlyl@asianlawcaucus.org
winifredk@asianlawcaucus.org

*Counsel for Plaintiffs*
*\*Admitted Pro Hac Vice.*
*\*\* Admitted Pro Hac Vice, admitted to practice law in New Jersey. Not a member of D.C. bar. Supervised by a member of the D.C. Bar.*
*\*\*\* Admitted Pro Hac Vice, admitted to practice law in Illinois. Not a member of the D.C. bar. Supervised by a member of the D.C. Bar.*