**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| "BARBARA," *et al.*,<br>*Plaintiffs*,<br>v.<br>DONALD J. TRUMP, *et al.*,<br>*Defendants*. | Case No. 1:25-cv-244-JL-AJ |

**PLAINTIFFS' ASSENTED-TO MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(d)**

Plaintiffs move for leave to file a Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d). The proposed Supplemental Complaint is attached as Exhibit A. Plaintiffs seek to add (1) plaintiffs and (2) claims and allegations arising from a second Executive Order issued by the President on August 6, 2026, as well as associated agency actions. *See* Exec. Order No. 14,418, *Continuing to Protect the Meaning and Value of American Citizenship*, 91 Fed. Reg. 51,991 (2026) ("EO2"). The second Executive Order is a post-complaint event that could not have been included within Plaintiffs' operative Complaint. Plaintiffs have conferred with Defendants regarding this Motion and Defendants have indicated that they do not oppose Plaintiffs' request for leave.

## BACKGROUND

Plaintiffs filed the present action on June 27, 2025. The Complaint alleges four causes of action: one under the Fourteenth Amendment to the U.S. Constitution; one under 8 U.S.C. § 1401; and two under the Administrative Procedure Act, 5 U.S.C. §§ 706(2)(B)-(C), alleging that the actions permitted by Exec. Order No. 14,160, *Protecting the Meaning and Value of American Citizenship*, 90 Fed. Reg. 8449 (2025) ("EO1"), were contrary to the U.S. Constitution and § 1401. *See* ECF No. 1 ¶¶ 73-83.

This Court certified a nationwide class and enjoined the enforcement of EO1. *See* ECF Nos. 64, 65. The Supreme Court affirmed this Court's injunction, confirming that the only exceptions to universal citizenship are those recognized in *United States v. Wong Kim Ark*, 169 U.S. 649 (1898). *See Trump v. Barbara*, 146 S. Ct. 2438 (2026).

Undeterred, the President issued EO2, which purports to identify "certain categories of children of aliens" that "do not fall within the rule of birthright citizenship as announced by the Supreme Court." EO2 § 1. In particular, it strips citizenship from any persons born in the United

States when "neither parent of that person is a citizen" and:

> a) "either parent of that person is an alien enemy, defined to include" a member of certain designated terrorist organizations;
> b) "either parent of that person is a foreign government employee," including not only ambassadors but various other employees of foreign governments or international organizations;
> c) "either parent of that person engaged in a commercial transaction to purchase or access birthright citizenship for the person, or engaged in fraudulent activity to obtain citizenship"; or
> d) "the person is born in a territory or territorial waters of the United States where citizenship is not conferred by Federal statute."

EO2 § 2.

Following the issuance of EO2, Plaintiffs moved to lift the stay of proceedings in this Court and moved the Court to clarify the existing preliminary injunction, to modify it, or to issue a new injunction making clear that, as to the existing class of children subject to EO1, Defendants are "enjoined and restrained from taking any actions to deny or infringe on the citizenship of class members," ECF No. 80, at 6; *see also* ECF Nos. 79, 87-1, at 7 n.1. While that motion was pending, the court in the parallel *CASA v. Trump* litigation issued a preliminary injunction barring enforcement of EO2 as to the class of children subject to EO1 certified in that case. No. 25-cv-201, 2026 WL 2592706, at *1 (D. Md. Sept. 2, 2026). Defendants then issued an Interim Final Rule and agency guidance on September 4.

Plaintiffs now move to supplement the operative Complaint under Rule 15(d) and add additional plaintiffs, allegations, and claims with reference to EO2. In particular, Plaintiffs seek to include Plaintiffs Clara, Edward, Nathan, Beatrice, and Patricia as named class members to represent (alongside plaintiff Barbara) a class of all persons born in the United States, and the parents (including expectant parents) of those persons, who are subjected to the citizenship-stripping provisions of EO2. *See* Ex. A ¶¶ 88-91, 113. Plaintiffs reassert the same four causes

of action against EO2 as those that were alleged against the enforcement of EO1, and assert a new Notice and Comment claim. *See id.* ¶¶ 122-39.

## LEGAL STANDARD

"On motion and reasonable notice" the Court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Motions under Rule 15(d) are treated "liberally," *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015), and should be "freely granted" in the absence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility[.]" *Tavares v. Macomber*, No. 18-cv-606, 2019 WL 2502933, at *2 (D.R.I. June 17, 2019) (citation modified).

## ARGUMENT

This Court should grant Plaintiffs' request to supplement the Complaint. The liberal policy guiding supplementation and each of the Rule 15(d) factors support granting this unopposed motion for leave to file a supplemental complaint.

The Supplemental Complaint is premised only on factual events that "happened after the date of" the original Complaint. Fed. R. Civ. P. 15(d). EO2 was issued "after the prior complaint was filed," *Doe v. Comm'r, N.H. Dep't of Health & Hum. Servs.*, 344 F.R.D. 57, 66 (D.N.H. 2023), and refers to the Supreme Court's ruling in this case, *see* EO2 § 1 (stating that EO2 "identifies, non-exhaustively, and prescribes action concerning certain categories of children of aliens who[,]" in the President's view, "do not fall within the rule of birthright citizenship as announced by the Supreme Court" in *Barbara*); *see also* 6A Wright & Miller, *Federal Practice and Procedure* § 1510 (3d ed. 2010) (stating that a supplemental pleading is proper when the supplemented materials could not have been included "before the filing of the original

pleading").

Supplementation is also proper because the new allegations are deeply intertwined with issues presented by the original Complaint, such that litigating them in this action provides a "more efficient mechanism" for their resolution. *Gadbois*, 809 F.3d at 4. EO2 is a second "attempt[] by Defendants to effectuate the [same] polic[y] Plaintiffs have been challenging since filing their original complaint," *Doe v. Noem*, No. 25-cv-10495, 2026 WL 686483, at *6 (D. Mass. Mar. 11, 2026)—namely, the President's "efforts to abolish birthright citizenship for many Americans." *CASA*, 2026 WL 2592706, at *1; *see also Doe*, 2026 WL 686483, at *4, 17 (granting motion for leave to supplement in light of "two new [executive] actions" that "affect[ed] grants of parole and the adjudication of immigration benefits requests in a similar manner" as actions challenged by the original complaint); *Comm'r, N.H. Dep't of Health & Hum. Servs.*, 344 F.R.D. at 67-68 (granting leave to supplement to add plaintiffs to challenge the defendant's implementation of "new procedures").

Both EO1 and EO2 represent efforts to narrow the well-settled meaning of the Citizenship Clause's language, namely "subject to the jurisdiction," in order to strip U.S.-born children of citizenship beyond the exceptions set out in *Wong Kim Ark* and reiterated in *Barbara*. The original Complaint explained that the only exceptions to birthright citizenship are those elaborated in *Wong Kim Ark*: "children of foreign sovereigns or their ministers, or born on foreign public ships, or of enemies within and during a hostile occupation of part of our territory, and with the single additional exception of children of members of the Indian tribes owing direct allegiance to their several tribes." 169 U.S. at 693; *see also* ECF No. 1 ¶¶ 28-32, 34. EO1 added "categories of people" that "do not fit into those exceptions[,]" *N.H. Indonesian Cmty. Support v. Trump*, 765 F. Supp. 3d 102, 109 (D.N.H. 2025), and EO2 does exactly the same thing, *see*

*CASA*, 2026 WL 2592706, at *1. EO2 attacks the citizenship of children born to alleged "alien enem[ies]," *see* EO2 § 2(a), "foreign government employee[s]," *id.* § 2(b), and to parents assertedly "engaged in a commercial transaction to purchase or access birthright citizenship," "or engaged in fraudulent activity to obtain citizenship," *id.* § 2(c)—all of which "bear little to no resemblance to the 'narrow exceptions' to the rule of citizenship by birth recognized by the Supreme Court in *Barbara*, 146 S. Ct. at 2450, and *United States v. Wong Kim Ark*, 169 U.S. 649, 693 (1898)." *CASA*, 2026 WL 2592706, at *1.

None of the factors weighing against supplementation are present here. Plaintiffs moved to clarify or modify this Court's injunction (or issue a new injunction) on August 11, less than one week after the President's issuance of EO2. In response, Defendants asserted that the meaning of EO2 could not be adjudicated until guidance was issued. *See* ECF No. 87-1, at 3, 10-12. Plaintiffs now move to supplement within days of the issuance of that guidance—foreclosing any assertion of undue delay or dilatory tactics. *See Gadbois*, 809 F.3d at 4. Nor will Defendants face any undue prejudice from the Supplemental Complaint. *See id.* Defendants have not filed an Answer or other responsive filing, and the parties agreed that their response date should remain stayed. *See* ECF No. 86, at 1; ECF No. 87-1, at 7 n.1; ECF No. 89, at 9 n.5.

Indeed, supplementation is in the interest of judicial economy. This Court has already addressed the meaning of "subject to the jurisdiction," and its analysis has been affirmed by the First Circuit and Supreme Court. The causes of action alleged and the ultimate ruling requested in the Supplemental Complaint are essentially the same as those alleged and sought in the earlier Complaint (with the single addition of a new Notice and Comment claim), and the fundamental issues being litigated in this case are the same.

For similar reasons, supplementation is far from futile here. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (explaining that a proposed supplemental complaint is considered futile only if it "would fail to state a claim upon which relief could be granted"). This Court and the Supreme Court have already rejected this Executive's attempt to rewrite the Citizenship Clause, and Plaintiffs' challenge to Defendants' continuing attempt to accomplish the same result through a new order is far from futile.

## CONCLUSION

This Court should grant Plaintiffs' Motion for Leave to Supplement the Complaint pursuant to Rule 15(d).

Dated: September 9, 2026

Respectfully submitted,

/s/ SangYeob Kim
SangYeob Kim (N.H. Bar No. 266657)
Gilles R. Bissonnette (N.H. Bar No. 265393)
Henry R. Klementowicz (N.H. Bar No. 21177)
Chelsea Eddy (N.H. Bar No. 276248)
Caroline Meade (N.H. Bar No. 281341)
Maria Savarese (N.H. Bar No. 273285)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
T: (603) 333-2081
sangyeob@aclu-nh.org
gilles@aclu-nh.org
henry@aclu-nh.org
chelsea@aclu-nh.org
caroline@aclu-nh.org
maria@aclu-nh.org

Elizabeth Caldwell*
Brittany Carter*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.

/s/ Cody Wofsy
Cody Wofsy*
Hannah Steinberg*
Stephen Kang*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
cwofsy@aclu.org
hsteinberg@aclu.org
skang@aclu.org

Grace Choi*
Noor Zafar*
Lee Gelernt*
Omar Jadwat*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
gchoi@aclu.org
nzafar@aclu.org
lgelernt@aclu.org
ojadwat@aclu.org

40 Rector St., FL 5, New York, NY 10006
T: (212) 217-1690
bcaldwell@naacpldf.org
bcarter@naacpldf.org

Morgan Humphrey*
Mide Odunsi*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
T: (202) 249-2193
mhumphrey@naacpldf.org
modunsi@naacpldf.org

Carol Garvan (N.H. Bar No. 21304)
Zachary L. Heiden*
Max Brooks*
AMERICAN CIVIL LIBERTIES UNION OF MAINE FOUNDATION
P.O. Box 7860
Portland, ME 04112
T: (207) 619-8687
cgarvan@aclumaine.org
heiden@aclumaine.org
mbrooks@aclumaine.org

Adriana Lafaille*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza Suite 850
Boston, MA 02108
T: (617) 482-3170
alafaille@aclum.org

Lucia Goin**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT
915 15th Street NW
Washington, DC 20005
T: (332) 529-3732
lgoin@aclu.org

Norm Eisen*
Tianna Mays*
Taryn Wilgus Null*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, #15180
Washington, DC 20003
T: (202) 594-9958
norman@democracydefenders.org
tianna@democracydefenders.org
taryn@democracydefenders.org

Kimberly Wei Leung*
Winifred Kao*
ASIAN LAW CAUCUS
55 Columbus Ave
San Francisco, CA 94111
T: (415) 896-1701
kimberlyl@asianlawcaucus.org
winifredk@asianlawcaucus.org

*Counsel for Plaintiffs*
**Admitted pro hac vice*
***Pro hac vice pending*