**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| "BARBARA;" "SARAH," by guardian, parent, and next friend "SUSAN;" "MATTHEW," by guardian, parent, and next friend "MARK;" "NATHAN," by guardian, parent, and next friend "CLARA"; "PATRICIA"; "EDWARD;" and "BEATRICE," by guardian, parent, and next friend Barbara, on behalf of themselves and all those similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity; U.S. DEPARTMENT OF HOMELAND SECURITY; SECRETARY OF HOMELAND SECURITY, in their official capacity; U.S. DEPARTMENT OF STATE; SECRETARY OF STATE, in their official capacity; U.S. DEPARTMENT OF AGRICULTURE; SECRETARY OF AGRICULTURE, in their official capacity; CENTERS FOR MEDICARE AND MEDICAID SERVICES; ADMINISTRATOR OF THE CENTERS FOR MEDICARE AND MEDICAID SERVICES, in their official capacity,<br><br>*Defendants*. | Case No. 1:25-cv-244-JL-AJ |

**[PROPOSED] SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**CLASS ACTION LR 23.1**

Plaintiffs supplement their Complaint, ECF No. 1, pursuant to Federal Rule of Civil Procedure 15(d). This Supplemental Complaint is filed in addition to, and does not replace, Plaintiffs' Complaint.

85. On June 30, 2026, the Supreme Court affirmed this Court's preliminary injunction of Executive Order No. 14,160, 90 Fed. Reg. 8449 (Jan. 29, 2025), entitled "Protecting the Meaning and Value of American Citizenship" ("EO1"). The Court confirmed that the only exceptions to universal birthright citizenship are those described in *Wong Kim Ark*, 169 U.S. 649 (1898). *See Trump v. Barbara*, 146 S. Ct. 2438 (2026).

86. Undeterred, the President issued a second executive order on August 6, 2026, that—like EO1—seeks to carve out new exceptions to the Citizenship Clause. *See* Exec. Order No. 14,418, *Continuing to Protect the Meaning and Value of American Citizenship*, 91 Fed. Reg. 51,991 (2026) ("EO2").

87. Both orders straightforwardly violate the Citizenship Clause, as well as the birthright citizenship statute, and should be enjoined.

**SUPPLEMENTAL STATEMENT OF PARTIES**

88. Plaintiff "Barbara" gave birth to "Beatrice" in New Hampshire in October 2025.[1] Barbara engaged in certain commercial transactions to come to the United States, including fares for public transportation between Honduras and Mexico, as well as food for the journey. She came to this country knowing that her future children would be U.S. citizens, and wanted them to have the protections and opportunities that go hand-in-hand with citizenship in this country.

89. Plaintiff "Clara" is a citizen of France. She resides in Washington, DC. She has lived in the United States for more than ten years, and has established strong ties to her community. Clara gave birth to her child, Plaintiff "Nathan," in Washington, DC, in August 2026, after the issuance of EO2. Neither Clara nor her husband, Nathan's father, is a U.S. citizen. Both are

[1] The newly joined Plaintiffs wish to proceed under pseudonym, and a motion is forthcoming.

employed by international organizations that possess international-organization immunity and are listed in 8 C.F.R. § 316.20(c), and both are present in the United States on G-4 visas.

90. Plaintiff "Edward" is a citizen of Australia. He currently resides in Australia with his wife, a cardiologist with whom he operates cardiology clinics, and his older daughter, a U.S. citizen born via surrogacy in the United States in 2021. He and his wife are currently expecting their second child through surrogacy to be born in the United States in October 2026. Edward and his wife engaged in a commercial transaction with a surrogate present in the United States to give birth.

91. Plaintiff "Patricia" is a citizen of a country in western Europe. She currently resides in the United States with her husband, "Robert." Neither Patricia nor Robert are U.S. citizens. They are expecting a child, due around April 2027. They are both employed by international organizations that possess international-organization immunity and are listed in 8 C.F.R. § 316.20(c), and both are present in the United States on G-4 visas.

92. As with EO1, Defendants each have responsibility for overseeing enforcement and implementation of EO2.

## SUPPLEMENTAL STATEMENT OF FACTS

93. On Plaintiffs' motion, this Court provisionally certified a class of children subject to EO1. *Barbara v. Trump*, 790 F. Supp. 3d 80, 105 (D.N.H. 2025). The Court also issued an order providing that Defendants "are enjoined and restrained from enforcing" EO1. ECF No. 64.

94. Defendants sought certiorari before judgment in the U.S. Supreme Court, and the Supreme Court affirmed this Court's injunction. *Trump v. Barbara*, 146 S. Ct. 2438 (2026).

95. In its ruling, the Supreme Court confirmed that the only exceptions to the jus soli rule are those listed in *Wong Kim Ark*: "children of foreign sovereigns or their ministers, or born

on foreign public ships, or of enemies within and during a hostile occupation of part of our territory, and with the single additional exception of children of members of the Indian tribes owing direct allegiance to their several tribes[,]" 169 U.S. at 693. *See Barbara*, 146 S. Ct. at 2452-53.

96. On August 6, 2026, after the Court's mandate, the President issued EO2.

97. Purporting to exercise "authority vested" "as President by the Constitution and the laws of the United States of America," EO2 purports to "identif[y], non-exhaustively," and prescribe "action concerning certain categories of children of aliens who," the President opined, "do not fall within the rule of birthright citizenship as announced by the Supreme Court." EO2 § 1.

98. EO2 directs executive agencies not to recognize the citizenship of an individual "when neither parent of that person is a citizen" and: a) "either parent of that person is an alien enemy, defined to include" a member of certain designated terrorist organizations; b) "either parent of that person is a foreign government employee," including not only ambassadors but various other employees of foreign governments or international organizations; c) "either parent of that person engaged in a commercial transaction to purchase or access birthright citizenship for the person, or engaged in fraudulent activity to obtain citizenship"; or d) "the person is born in a territory or territorial waters of the United States where citizenship is not conferred by Federal statute." EO2 § 2.

99. EO2 does not identify any temporal limit on its purported restriction of birthright citizenship. In contrast, EO1 provides that its statement of "policy" as to exclusion of individuals from birthright citizenship "shall apply only to persons who are born within the United States after 30 days from the date of this order." EO1 § 2(b).

100. EO2 does not specify an effective date for the Order itself. EO2 directs agency heads to "take all appropriate measures" to implement EO2, and to issue public guidance within 30 days. EO2 § 3.

101. On September 4, 2026, the Department of Homeland Security issued an Interim Final Rule "amending its regulations to permit children born in the United States to 'foreign government employees' who are not U.S. citizens to register for permanent residence." *Registration of Lawful Permanent Residence for Children Born to Foreign Government Employees in the United States* *7, DHS Doc. No. USCIS-2026-0496 (Sept. 9, 2026) (to be codified at 8 C.F.R. pts. 101, 264), https://public-inspection.federalregister.gov/2026-18345.pdf ("IFR").

102. The IFR modifies the regulation published at 8 C.F.R. § 101.3, which previously reflected and recognized the principle that the only children excluded from birthright citizenship are those born to "a foreign diplomatic officer accredited to the United States," meaning "a person listed in the State Department Diplomatic List, also known as the Blue List," of those foreign ministers afforded full diplomatic immunity. 8 C.F.R. § 101.3(a) (2025); *see id.* § 101.3(b) (child of other government officials is a citizen).

103. The IFR, tracking EO2 § 2(b), states that the children of other employees of foreign governments are excluded from birthright citizenship. It adds several exceptions to this exclusion not enumerated in EO2 itself, including "[p]ersonal employees" of foreign officials, "[t]hird-country nationals working for a foreign government," and "[f]oreign government employees visiting the United States in a personal rather than an official capacity." IFR at *9-10. The IFR indicates that the parents of children excluded from birthright citizenship under EO2 "must

register" their children with federal authorities pursuant to 8 U.S.C. § 1302 or face criminal liability. *Id*. at *11.

104. The IFR was immediately effective. *Id.* at *1. To justify not engaging in Notice and Comment rulemaking, the IFR invokes the foreign affairs and good cause exceptions. *Id*. at *13-16. Both invocations are predicated on the assumption that the IFR "governs the registration of permanent resident status." *Id*. at *13; *see id*. at *16. The IFR does not assert that, to the extent the IFR purports to strip birthright citizenship from any person, either the foreign affairs or good cause exception would excuse Notice and Comment rulemaking for such alteration of longstanding citizenship rules.

105. The IFR states that "[t]he IFR applies prospectively to children born in the United States on or after the effective date of the IFR," and that "[c]hildren born in the United States before the effective date of this IFR are not subject to the requirements of this IFR." *Id*. at *7. It does not identify or rely on any temporal limitation in EO2 itself. It further notes that "DHS will not take actions to implement the rule specifically to any member of the certified class [in *CASA v. Trump*], or otherwise conflict with the preliminary injunction, unless and until the government obtains relief from the injunction." *Id.*

106. Also on September 4, the Department of State issued a "proposed Implementation Plan" for EO2. U.S. Dep't of State, *Executive Order 14418: Continuing to Protect the Meaning and Value of American Citizenship* *1 (2026), https://perma.cc/8JJJ-XD94. The document does not explain who the plan is proposed to, or who will decide whether to approve it.

107. The State Department plan largely repeats the terms of EO2, while adding the same exceptions to EO2 § 2(b) as are set out in the IFR, "subject to individualized assessments of employment status, purpose of travel, and visa class[.]" *Id*. at *2.

108. It states that "[i]f neither parent of a minor applicant is a U.S. citizen, an attestation from each parent, under penalty of perjury, must be submitted as part of the determination whether either parent meets any of the EO conditions. Any misrepresentations made under penalty of perjury could subject the individual(s) to legal liability, including potential federal criminal prosecution." *Id*.

109. It states: "NOTE: Because the EO is prospective only, this guidance is prospective only and will become effective upon publication subject to any legal obligations." *Id*. at *1. It does not explain its assertion that "the EO is prospective only," nor does it identify any particular date on which the EO takes effect.

110. Several other agencies issued guidance related to their programs. *See* Ctrs. for Medicare & Medicaid Servs., U.S. Dep't of Health & Hum. Servs., *CMS Guidance on Continuing to Protect the Meaning and Value of American Citizenship (Executive Order 14418) for Medicaid and Children's Health Insurance Program (CHIP) Verification Requirements Under the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 and Other Federal Statutes* (Sept. 4, 2026), https://perma.cc/94AH-PYKQ; Admin. for Child. & Fams., U.S. Dep't of Health & Hum. Servs., *ACF Guidance on Continuing to Protect the Meaning and Value of American Citizenship (Executive Order 14418) for Program Verification Requirements* (Sept. 4, 2026), https://perma.cc/R3PG-LCEB; Food & Nutrition Admin., U.S. Dep't of Agric., *Guidance on Continuing to Protect the Meaning and Value of American Citizenship (Executive Order 14418) for Verification Requirements Under the Personal Responsibility and Work Opportunity Reconciliation Act of 1996* (Sept. 4, 2026), https://perma.cc/ZDW2-XQZP. Each likewise asserts that "the EO is prospective only" without further elaboration. *See id*.

111. Unlike EO1, neither EO2 nor the agency documents issued on September 4 exempts the children of lawful permanent residents. *See* EO1 § 2(c).

112. In Plaintiffs' challenge to EO1, this Court provisionally certified a class of children subject to EO1 (the "EO1 Class"), represented by Sarah, by her guardian, parent, and next friend Susan; and Matthew, by his guardian, parent, and next friend Mark.

113. In Plaintiffs' challenge to EO2, Plaintiffs Barbara, Beatrice, Clara, Nathan, Edward, and Patricia (together, "EO2 Class Representative Plaintiffs"), seek to certify a Class (the "EO2 Class") of all persons, and the parents (including expectant parents) of those persons:

(1) who are born in the United States as defined in 8 U.S.C. § 1101(a)(38);

(2) who are not born to a foreign diplomatic officer accredited to the United States;

(3) for whom neither parent is a U.S. Citizen; and

(4) for whom either parent is or will be categorized by the government as falling within §§ 2(a)-(c) of Exec. Order No. 14,418, *Continuing to Protect the Meaning and Value of American Citizenship*, 91 Fed. Reg. 51,991 (2026).

114. There is overlap between the EO1 Class and EO2 Class. The EO2 Class contains individuals not in the EO1 class, including those subject to EO2 whose parents are lawful permanent residents.

115. As with the EO1 Class, the EO2 Class satisfies the prerequisites of Rule 23(a) and the requirements of Rule 23(b)(2).

116. The EO2 Class satisfies the numerosity requirements of Fed. R. Civ. P. 23(a)(1) because the proposed class is so numerous that joinder of all members is impracticable. Relevant here, EO2 denies birthright citizenship to people born in the United States to parents who fall in any one of three different categories, and which individually and collectively contain sufficiently

numerous class members. In 2020 alone, for example, some 4,713 intending parents who are not U.S. residents utilized gestational surrogates in the United States. And the State Department "Office of Foreign Missions reports that the United States hosts more than 124,000 foreign mission members and dependents." IFR at *18. Joinder is also impracticable because EO2 Class members are geographically dispersed across the country, and because membership in the EO2 Class will be constantly changing as more children are born every day under the conditions set forth in EO2.

117. The members of the EO2 Class are subject to a common practice, as required by Fed. R. Civ. P. 23(a)(2): the categorical denial of U.S. citizenship at birth under the terms of EO2. This suit also raises questions of law common to the proposed Class, including whether the Defendants' attempt to create new exceptions to birthright citizenship violates the Citizenship Clause of the Fourteenth Amendment, 8 U.S.C. § 1401 *et seq.*, and the Administrative Procedure Act.

118. The EO2 Class meets the typicality requirements of Fed. R. Civ. P. 23(a)(3) because the claims of the EO2 Class Representative Plaintiffs are typical of the claims of the class. Each child and parent faces the same principal injury (denial of birthright citizenship), based on the same government practice (EO2's categorical denial of citizenship), which is unlawful as to the entire class because it violates constitutional and statutory protections.

119. The EO2 Class meets the adequacy requirements of Fed. R. Civ. P. 23(a)(4). The EO2 Class Representative Plaintiffs seek the same relief as the other members of the class—among other things, a declaratory judgment that Defendants' policy of denying birthright citizenship is unlawful and an injunction against that policy. In defending their rights, EO2 Class Representative Plaintiffs will defend the rights of all proposed class members fairly and adequately. The EO2

Class Representative Plaintiffs are members of the class, and their interests do not conflict with those of the other class members.

120. The EO2 Class is represented by the same experienced attorneys the Court determined were adequate as to the EO1 Class.

121. The extreme impacts of denial of citizenship are the same, whether under EO1, EO2, or any future executive effort to strip birthright citizenship.

## SUPPLEMENTAL CLAIMS FOR RELIEF

### FIFTH CLAIM FOR RELIEF
### Fourteenth Amendment to the United States Constitution
### (All Defendants)

122. All of the foregoing allegations, including in Plaintiffs' Complaint, are repeated and realleged as if fully set forth herein.

123. Like EO1, EO2 violates the Fourteenth Amendment's Citizenship Clause because it denies citizenship to the children of noncitizens who are born in the United States and subject to the jurisdiction of the United States.

124. Defendants are engaged in an ongoing, unlawful effort to carve out new exceptions to the Citizenship Clause that began with EO1 and continues with EO2. All actions that Defendants take to deny the rights, benefits, and privileges attendant on U.S. citizenship to people who would otherwise receive citizenship under the Clause are unlawful.

### SIXTH CLAIM FOR RELIEF
### 8 U.S.C. § 1401 *et seq.*
### (All Defendants)

125. All of the foregoing allegations, including in Plaintiffs' Complaint, are repeated and realleged as if fully set forth herein.

126. Like EO1, EO2 violates 8 U.S.C. § 1401 *et seq.* because it denies citizenship to the children of noncitizens who are born in the United States and subject to the jurisdiction of the United States.

127. Defendants are engaged in an ongoing, unlawful effort to carve out new exceptions to 8 U.S.C. § 1401 that includes EO1 and EO2. All actions that Defendants take to deny the rights, benefits, and privileges attendant on U.S. citizenship to people who would otherwise receive citizenship under § 1401 are unlawful.

**SEVENTH CLAIM FOR RELIEF**
**Administrative Procedure Act**
**(All Defendants except Defendant Trump)**

128. All of the foregoing allegations, including in Plaintiffs' Complaint, are repeated and realleged as if fully set forth herein.

129. Like EO1, the actions of Defendants that are required or permitted by EO2, as set forth above, are contrary to constitutional right, power, privilege, or immunity, including rights protected by the Fourteenth Amendment to the U.S. Constitution, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(B).

130. Defendants are engaged in an ongoing, unlawful effort to carve out new exceptions to the Citizenship Clause that includes EO1 and EO2. All actions that Defendants take to deny the rights, benefits, and privileges attendant on U.S. citizenship to people who would otherwise receive citizenship under the Clause are unlawful.

**EIGHTH CLAIM FOR RELIEF**
**Administrative Procedure Act**
**(All Defendants except Defendant Trump)**

131. All of the foregoing allegations, including in Plaintiffs' Complaint, are repeated and realleged as if fully set forth herein.

132. Like EO1, the actions of Defendants that are required or permitted by EO2, as set forth above, violate 8 U.S.C. § 1401 *et seq.* and are in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(C).

133. Defendants are engaged in an ongoing, unlawful effort to carve out new exceptions to 8 U.S.C. § 1401 that includes EO1 and EO2. All actions that Defendants take to deny the rights, benefits, and privileges attendant on U.S. citizenship to people who would otherwise receive citizenship under § 1401 are unlawful.

**NINTH CLAIM FOR RELIEF**
**Notice and Comment**
**(All Defendants except Defendant Trump)**

134. All of the foregoing allegations, including in Plaintiffs' Complaint, are repeated and realleged as if fully set forth herein.

135. The Administrative Procedure Act, 5 U.S.C. § 553, requires that agencies provide public notice of, and opportunity to comment on, legislative rules before their promulgation. *See* 5 U.S.C. §§ 553(b), (c).

136. The IFR and guidance Defendants have issued in connection with EO2 are legislative rules within the meaning of the APA.

137. Defendants issued the IFR and guidance without prior notice and an opportunity for comment as required by the APA.

138. To the extent that the IFR and guidance purport to deny citizenship to any person, no "foreign affairs function of the United States" is involved that would excuse notice and comment. 5 U.S.C. § 553(a). And to the extent the IFR and guidance purport to deny citizenship

to any person, there is no good cause to excuse notice and comment because "delay caused by notice and comment would do [no] real harm." IFR at *15.

139. Defendants' failure to provide for notice and comment violates 5 U.S.C. §§ 553(b) and (c), 706(2)(D).

**SUPPLEMENTAL PRAYER FOR RELIEF**

WHEREFORE Plaintiffs request that the Court grant the following relief:

a. Certify this matter as a Class Action, appoint the EO2 Class Representative Plaintiffs as Class Representatives for the EO2 class, and appoint the Class Representative Plaintiffs' Counsel as Class Counsel for the EO2 class;

b. Declare that EO2 is unconstitutional and unlawful as to the EO2 class, and that Defendants may not deny or infringe on the citizenship of members of the EO1 or EO2 classes;

c. Preliminarily and permanently enjoin Defendants from enforcing EO2, and from taking any actions to deny or infringe on the citizenship of members of the EO1 or EO2 classes;

d. Vacate and set aside the IFR and all guidance or implementation documents Defendants issue in connection with EO2;

e. Require Defendants to pay reasonable attorneys' fees and costs;

f. Grant any other and further relief that this Court may deem just and proper.

Dated: September 9, 2026

Respectfully submitted,

/s/ SangYeob Kim
SangYeob Kim (N.H. Bar No. 266657)
Gilles R. Bissonnette (N.H. Bar No. 265393)
Henry R. Klementowicz (N.H. Bar No. 21177)
Chelsea Eddy (N.H. Bar No. 276248)
Caroline Meade (N.H. Bar No. 281341)
Maria Savarese (N.H. Bar No. 273285)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
T: (603) 333-2081
sangyeob@aclu-nh.org
gilles@aclu-nh.org
henry@aclu-nh.org
chelsea@aclu-nh.org
caroline@aclu-nh.org
maria@aclu-nh.org

Elizabeth Caldwell*
Brittany Carter*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector St., FL 5, New York, NY 10006
T: (212) 217-1690
bcaldwell@naacpldf.org
bcarter@naacpldf.org

Morgan Humphrey*
Mide Odunsi*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
T: (202) 249-2193
mhumphrey@naacpldf.org
modunsi@naacpldf.org

Carol Garvan (N.H. Bar No. 21304)
Zachary L. Heiden*
Max Brooks*
AMERICAN CIVIL LIBERTIES UNION OF MAINE

/s/ Cody Wofsy
Cody Wofsy*
Hannah Steinberg*
Stephen Kang*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
cwofsy@aclu.org
hsteinberg@aclu.org
skang@aclu.org

Grace Choi*
Noor Zafar*
Lee Gelernt*
Omar Jadwat*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
gchoi@aclu.org
nzafar@aclu.org
lgelernt@aclu.org
ojadwat@aclu.org

Lucia Goin**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT
915 15th Street NW
Washington, DC 20005
T: (332) 529-3732
lgoin@aclu.org

Norm Eisen*
Tianna Mays*
Taryn Wilgus Null*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, #15180
Washington, DC 20003
T: (202) 594-9958
norman@democracydefenders.org
tianna@democracydefenders.org
taryn@democracydefenders.org

FOUNDATION
P.O. Box 7860
Portland, ME 04112
T: (207) 619-8687
cgarvan@aclumaine.org
heiden@aclumaine.org
mbrooks@aclumaine.org

Adriana Lafaille*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza Suite 850
Boston, MA 02108
T: (617) 482-3170
alafaille@aclum.org

Kimberly Wei Leung*
Winifred Kao*
ASIAN LAW CAUCUS
55 Columbus Ave
San Francisco, CA 94111
T: (415) 896-1701
kimberlyl@asianlawcaucus.org
winifredk@asianlawcaucus.org

*Counsel for Plaintiffs*
**Admitted pro hac vice*
***Pro hac vice pending*